**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern _____ District of New York _____
                                    (State)

Case number (*if known*): _____ Chapter _____

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**              Barnett Corporation

2. **All other names debtor used**
   **in the last 8 years**
   Include any assumed names,
   trade names, and *doing business
   as* names

3. **Debtor's federal Employer**      1 1 _ 3 1 8 3 8 0 4
   **Identification Number** (EIN)

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 77 Spruce Street | |
   | Number     Street | Number      Street |
   | | P.O. Box |
   | Cedarhurst          NY    11516 | |
   | City            State   ZIP Code | City              State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | Nassau | |
   | County | Number      Street |
   | | |
   | | City              State    ZIP Code |

5. **Debtor's website (URL)**      www.barnettcorporation.com

Debtor      **Barnett Corporation**                          Case number (if known)_____
            Name

| | |
|---|---|
| **6. Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding LLP) |
| | ☐ Other. Specify: _____ |

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☑ None of the above |
| | |
| | **B.** *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | 4 2 4 1 __ __ __ |

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☑ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11. **Check all that apply:**<br>　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>　☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>　☐ A plan is being filed with this petition.<br>　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

| Debtor | Barnett Corporation | Case number (if known) |
|---|---|---|
| | Name | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
              MM / DD / YYYY

        District _____ When _____ Case number _____
              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor  Barnett Forest LLC                    Relationship  wholly owned LLC of Barnett Corporation

        District _____                              When  12/22/2022
                                                                  MM / DD / YYYY

        Case number, if known _____

**11. Why is the case filed in *this* district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

                          _____
                          City                              State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

---

**Statistical and administrative information**

---

Debtor    Barnett Corporation _____    Case number (if known)_____
          Name

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

**14. Estimated number of creditors**

☐ 1-49          ☐ 1,000-5,000          ☐ 25,001-50,000
☑ 50-99         ☐ 5,001-10,000         ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000        ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☑ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☑ $100,000,001-$500 million     ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/22/2022
              MM / DD / YYYY

✗   /s/ Jason Rosenthal _____          Jason Rosenthal _____
    Signature of authorized representative of debtor          Printed name

    Title   President _____

---

Debtor  <u>Barnett Corporation</u>                    Case number (if known)_____
         Name

---

**18. Signature of attorney**    ✘ /s/ Frank A. Oswald          Date  <u>12/22/2022</u>
                                  Signature of attorney for debtor        MM   / DD / YYYY

Frank A. Oswald, Esq.
Printed name
Togut , Segal & Segal LLP
Firm name
One Penn Plaza, Suite 3335
Number     Street
New York                              NY        10119
City                                  State     ZIP Code

(212)201-5590                         frankoswald@teamtogut.com
Contact phone                         Email address


_____               _____
Bar number                            State

---

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK
### www.nyeb.uscourts.gov

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):** Barnett Corporation _____    **CASE NO.:** _____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☒  **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐  **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

1.  **CASE NO.:** _____    **JUDGE:** _____    **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____  *[If closed]* **Date of closing:** _____

**CURRENT STATUS OF RELATED CASE:** _____
        (Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

2.  **CASE NO.:** _____    **JUDGE:** _____    **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____  *[If closed]* **Date of closing:** _____

**CURRENT STATUS OF RELATED CASE:** _____
        (Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

[OVER]

**DISCLOSURE OF RELATED CASES (cont'd)**

3. CASE NO.: _____    JUDGE: _____    DISTRICT/DIVISION: _____

CASE STILL PENDING: (YES/NO): _____    *[If closed]* Date of closing: _____

CURRENT STATUS OF RELATED CASE: _____
                            (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*:_____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN
SCHEDULE "A" OF RELATED CASES: _____

_____

NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): Y_____

CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.


/s/ Frank A. Oswald_____                    _____
**Signature of Debtor's Attorney**                   **Signature of Pro-se Debtor/Petitioner**

                                                     One Penn Plaza, Suite 3335_____
                                                     **Mailing Address of Debtor/Petitioner**

                                                     New York, NY, 10119_____
                                                     **City, State, Zip Code**

                                                     frankoswald@teamtogut.com_____
                                                     **Email Address**

                                                     (212) 594 5000_____
                                                     **Area Code and Telephone Number**


Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.

NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.

## WRITTEN CONSENT OF THE SOLE SHAREHOLDER AND SOLE DIRECTOR OF BARNETT CORPORATION AND ITS SUBSIDIARY

December 22, 2022

WHEREAS, the undersigned sole director and sole shareholder of Barnett Corporation, Inc. ("Barnett Corp"), a New York corporation, and its subsidiary, Barnett Forest, LLC, a New York limited liability company ("Barnett Forest" and together with Barnett Corp, the "Company"), hereby consents to the taking of the following actions and does hereby adopt the following resolutions pursuant to the Company's bylaws and the General Corporation Law of the State of New York; and

WHEREAS, after consultation with the Company's senior secured lenders and their advisors and Anthony Calascibetta in his capacity as the Chief Restructuring Officer ("CRO") of the Company and in light of Jason Rosenthal ("Rosenthal"), the undersigned sole director and sole shareholder of the Barnett Corp, having recently advised the CRO that there are infirmities with the Company's books and records as it relates to, among other things, accounts receivable and the credit insurance related thereto, has reviewed information regarding (i) the Company's assets, liabilities, and liquidity, (ii) the strategic alternatives available to the Company and (iii) the potential impacts of the foregoing on the Company's business, and has determined that it is in the best interests of the Company, its equity holders, its creditors, and other parties in interest for the Company to file voluntary petitions seeking relief under chapter 7 of title 11 of the United States Code (the "Code"); and

FURTHER RESOLVED, that Rosenthal, in his capacity as a duly appointed officer of the Company and in the name of, the Company is authorized to execute and verify or certify a petition under chapter 7 of the Code and to cause the same to be filed in the United States Bankruptcy Court for the Eastern District of New York at such time as said officer executing the same shall determine and in such form or forms as the Rosenthal or the CRO may approve; and

FURTHER RESOLVED, that the law firm of Togut, Segal & Segal LLP be, and hereby is, employed as counsel for the Company in connection with the commencement of the Company's case under chapter 7 of the Code; and

FURTHER RESOLVED, that the firm of Eisner Advisory Group LLC be, and hereby is, employed as financial advisor for the Company in connection with the commencement of the Company's case under chapter 7 of the Code; and

FURTHER RESOLVED, that Rosenthal or the CRO is authorized to prepare (or cause to be prepared), execute and file (or cause to be filed) any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, to take any and all such other and further actions that the Company's legal counsel may deem necessary, desirable or appropriate in connection with filing the voluntary petitions for

relief under chapter 7 of the Code and to take and perform any and all further acts and deeds which they deem necessary, proper or desirable in connection with the chapter 7 cases;  and

FURTHER RESOLVED, that the Company be, and hereby is, authorized to pay all fees and expenses incurred by it or for its account in connection with the actions approved in any or all of the foregoing resolutions, and all actions related thereto, and Rosenthal or the CRO is authorized, empowered and directed to cause the Company to make said payments as the either may deem necessary, appropriate, advisable or desirable, such payment to constitute conclusive evidence of Rosenthal or the CRO's determination and approval of the necessity, appropriateness, advisability or desirability thereof;  and

FURTHER RESOLVED, that it is desirable and in the best interests of the Company, its creditors, equityholders, employees, and other interested parties that a petition(s) seeking relief under the provisions of chapter 7 of the Code be filed;  and

FURTHER RESOLVED, that to the extent that any of the actions authorized by any of the foregoing resolutions have been taken previously by the Rosenthal, the CRO or employees of the Company on its behalf, such actions are hereby ratified, approved and confirmed in their entirety.

*Concluded on following page*

The foregoing resolutions are hereby approved as an action taken by the Company without formal meeting, effective as of the date first written above.

**Barnett Corporation, Inc.**

/s/    *Jason Rosenthal*
Name: Jason Rosenthal
Title:  Sole Shareholder and Sole Director

**Barnett Forest, LLC**

/s/    *Jason Rosenthal*
Name: Jason Rosenthal
Title: Authorized Signatory

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
                                                   :
In re:                                             :   Chapter 7
                                                   :
                                                   :   Case No.
BARNETT CORPORATION,                               :
                                                   :
                                                   :
               Debtor.                             :
                                                   :
-------------------------------------------------- x
```

```
-------------------------------------------------- x
                                                   :
In re:                                             :   Chapter 7
                                                   :
                                                   :   Case No.
BARNETT FOREST LLC,                                :
                                                   :
                                                   :
               Debtor.                             :
                                                   :
-------------------------------------------------- x
```

## GLOBAL NOTES AND
## STATEMENT OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On December 22, 2022 (the "Petition Date"), Barnett Corporation ("Barnett Corp"), a New York corporation, and its subsidiary Barnett Forest, LLC, a New York limited liability company ("Barnett Forest" and together with Barnett Corp, the "Debtors") each commenced voluntary cases (the "Chapter 7 Cases") under chapter 7 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") were prepared pursuant to Bankruptcy Code section 521 and Rule 1007

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors with unaudited information available as of the Petition Date.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements. Disclosure of information in one Schedule, sub-Schedule, Statement, sub-Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**Reservation of Rights**. The Debtors' Chapter 7 Cases are large and complex. The Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation.

**The Debtors have made reasonable efforts to schedule the assets and liabilities, required financial information, and cash disbursements according to the appropriate Debtor entity. Certain financial disclosures and concerns regarding the validity and accuracy of the Debtors books and records have recently been brought to the attention of the Debtors attorneys and the Chief Restructuring Officer ("CRO") by Jason Rosenthal, the Debtors' founder and President of Barnett Corporation. Mr. Rosenthal has continued to assist and support the CRO in providing information about the Debtors' operations, assets and liabilities, responding to requests for information, and otherwise being available to aid the efforts of the Debtors and the CRO. Based on these disclosures and representations, the CRO cannot attest to the validity and accuracy of the financial information reflected within the Debtors financial records, financial reporting and previous reporting. Consequently, the information contained in the Schedules and Statements are qualified in their entirety. The information provided is based on the existing books and records and other information currently available. It is anticipated that the information provided will change.**

Subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements.

The Debtors have made reasonable efforts to characterize, classify, categorize or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly. Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized, or designated certain items. In addition, certain items reported in the Schedules and Statements could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

2

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of rights with respect to these Chapter 7 Cases, including, but not limited to causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant and/or contractual counterparty, or a waiver of a Debtors' right to recharacterize or reclassify such claim or contract. Failure to designate a claim on a given Debtors' Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection. The Debtors reserve their respective rights to dispute, or assert offsets, setoffs, or defenses to, any claim reflected on the Schedules as to the nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent, and/or unliquidated.

1.    **Basis of Presentation**.  The Schedules and Statements neither purport to represent nor reconcile to any financial statements previously prepared or distributed by the Debtor and no representation is being made as to whether these or any previous financial disclosures were prepared in accordance with General Accepted Accounting Principles ("GAAP").

2.    **Currency**. All amounts are reflected in U.S. dollars, which the Debtors use as their reporting currency. The Debtors conduct business in many foreign jurisdictions and foreign currencies.

3.    **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities, and the reported amounts of revenue and expense. As previously stated, certain financial disclosures made by Mr. Rosenthal prevent the CRO from attesting to the validity and accuracy of the financial information reflected in the Debtors' books and records.  As a result, it is imprudent to provide any estimates relating to certain assets and liabilities of the Debtors.  The Debtors have reflected where possible these assets and liabilities are To be Determined ("TBD").  Actual results could differ materially from any estimates made at this time.

4.    **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined values or, conversely, claims listed as unliquidated, contingent and/ or disputed, the actual totals may be different than the listed totals.

5.    **Undetermined, To be Determined or Unknown Amounts**.  The description of an amount as "undetermined," "to be determined," or "unknown" is not intended to reflect upon the materiality of such amount.  Certain amounts may be clarified during the course of the Chapter 7 Cases.

6.    **Asset Presentation and Valuation**.  The Debtors' assets presented are based on values consistent/reflected within their books and records or other financial information available.  These

values do not purport to represent the ultimate value that would be received in the event of a sale, and may not represent economic value as determined by an appraisal or other valuation technique. As it would be prohibitively expensive and an inefficient use of estate assets for the Debtors to obtain current economic valuations for all of their assets, unless otherwise noted, the carrying value on the Debtors' books (*e.g.*, net book value), rather than current economic values, is reflected on the Schedules and Statements. As previously stated, the financial disclosures prevent the CRO from attesting to the validity and accuracy of the financial information reflected in the Debtors' books and records.

7.    **Contingent Assets and Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under Chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any causes of action, avoidance actions, controversy, right of set-off, cross claim, counterclaim, or recoupment, and any claim in connection with any contract, breach of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims or causes of actions. As previously stated, the financial disclosures prevent the CRO from attesting to the validity and accuracy of the financial information reflected in the Debtors' books and records, and based on further investigation by a Chapter 7 trustee, further actions may be identified.

8.    **Guarantees and Other Secondary Liability Claims**.  The Debtors have used their reasonable best efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other similar agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedules of the Debtor or Debtors affected by such Guarantees. Where a Guarantee exists, co-obligors are listed on a Debtors' Schedule H to the extent the Debtor is either the primary obligor or the guarantor of the relevant obligation.  To the extent that a Debtor is a guarantor, such Guarantees are also listed on its Schedule D or E/F, as appropriate, and listed as "contingent" and "unliquidated" unless otherwise specified. Further, it is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted.

9.    **Pledged Assets**.  A significant amount of the assets listed on the Debtors' Schedule A/B have been pledged as collateral by the Debtors. Assets pledged as collateral include, among other things, cash, accounts receivable, securities, inventories, intellectual property/trademarks, equipment, equity interests in subsidiaries, contract rights, and other related assets. As previously stated, the financial disclosures prevent the CRO from attesting to the validity and accuracy of the

financial information reflected in the Debtors' books and records and financial information. The Debtor has reflected where possible these assets are TBD by the Chapter 7 trustee.

**10.    Leases and Executory Contracts**. Certain contracts or leases of the Debtors are reflected twice in a Debtors' Schedules – once in the Debtors' Schedule G as an executory contract and again in the in its Schedule D or F, as appropriate, based on the value of open A/P due to the contract counterparty. Nothing herein or in the Schedules or Statements shall be construed as a concession, admission or evidence as to the determination of the legal status of any leases identified in the Schedules or Statements, including whether such leases: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect, and the Debtors reserve all of their rights.

**11.    Liabilities**. Some of the scheduled liabilities are unknown, contingent, and/or unliquidated at this time. In such cases, the amounts are listed as "unknown." Further, liabilities such as certain deferred liabilities, accruals, or general reserves are included as "unknown" and do not represent specific claims as of the Petition Date for each Debtor. Due to the nature of the Debtors' use of network and software services, the Debtors recognize additional accrued pre-petition liabilities for amounts that have yet to be invoiced, however they are unable to accurately state the amount used pursuant to their various service agreements. Accordingly, the total amounts listed for some categories of liabilities in the Schedules and the Statements may not be equal to the aggregate amount of the Debtors' total liabilities as noted on any financial statements issued prior to the Petition Date. The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim. As previously stated, the financial disclosures prevent the CRO from attesting to the validity and accuracy of the financial information reflected in the Debtors' books and records. Based on further investigation by a Chapter 7 trustee, other liabilities may be identified and certain liabilities disclosed may require adjustment.

**12.    Creditor Facilities**. Although there may be multiple parties that hold a portion of the debt comprising the Debtors' prepetition credit facilities and notes, only the administrative agent, as applicable, have been listed for purposes of Schedule D, E/F, and H.

**13.    Excluded Assets and Liabilities**. As previously stated, the financial disclosures prevent the CRO from attesting to the validity and accuracy of the financial information reflected in the Debtors' books and records and financial information. Based on further investigation by a Chapter 7 trustee, other assets and liabilities may be identified.

**14.    Liens**. The inclusion on Schedule D of creditors is not an acknowledgement of the validity, extent, or priority of any liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever. A careful review of the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an

acknowledgment of same. Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors. It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

15.    **Insiders**. For the purposes of their responses to Statement Question 28, the Debtors have listed the current officers and directors for each individual Debtor entity to the extent available based on current records. Persons listed as "insiders" have been included for informational purposes only and do not constitute an admission that any such individuals are insiders for purposes of the Bankruptcy Code or otherwise. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose. As previously stated, the financial disclosures prevent the CRO from attesting to the validity and accuracy of the financial information reflected in the Debtors' books and records. Based on further investigation by a Chapter 7 trustee, other insiders and related parties may be identified.

16.    **Signatory**. The Schedules and Statements have been signed by Anthony Calascibetta in capacity as Chief Financial Officer ("**CFO**"). In reviewing and signing the Schedules and Statements, the CFO has necessarily relied upon the efforts, statements and representations of various of the Debtors' personnel and professionals. Based on the disclosures and representations herein, the CRO cannot attest to the validity and accuracy of the financial information reflected within the Debtors financial records, financial reporting and previous reporting.

17.    **COVID-19**.    The Debtors have filed these Schedules and Statements amidst the unprecedented circumstances arising from the global COVID-19 pandemic. Such circumstances have complicated the preparation of these Schedules and Statements and Global Notes in as much as the Debtors' management and outside professionals have been limited to working remotely and have been unable to meet in person.

18.    **Limitation of Liability**. The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or correctness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or, except to the extent required by applicable law or an order of the Bankruptcy Court, to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a

potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

### Schedules of Assets and Liabilities

**Schedule A/B Notes**.

- **General**. Each Debtors' assets in Schedule A/B are listed at net book value as of the Petition Date, unless otherwise noted, and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.

- **Cash and Cash Equivalents (AB1 through AB5)**. The reported bank balances include cash held in various currencies, converted into U.S. dollars per the Debtors' accounting policies as of the Petition Date. The Debtors excluded accounts with no current balances that may be seldomly used or inactive or were closed shortly after the filing of the Petition.

- **Deposits (AB7)**. Based on the disclosures and representations, the CRO cannot attest to the validity and accuracy as to any deposits reflected within the Debtors financial records, financial reporting and previous reporting.

- **Accounts Receivable (AB11)**. Accounts receivable include ordinary course receivables, revenues that were unbilled as of the Petition Date and may also include any net credits in favor of the Debtors with respect to their trade payables. Based upon information recently provided by the Debtors' sole shareholder / president the accuracy of the books and records cannot be relied upon, particularly as they relate to accounts receivable, and that there are infirmities with the Company's books and records as it relates to, among other things, accounts receivable and the credit insurance related thereto. Accordingly, the financial disclosures prevent the CRO from attesting to the validity and accuracy of the financial information reflected in the Debtors' books and records. As a result, it is imprudent to provide any estimates relating to relating to the accounts receivable amounts reflected on the Debtors' accounts receivable aging and its financial records. For disclosure purposes, the Debtors have reflected the accounts receivable balances as reflected in the Debtors' books and records. Until a forensic investigation is completed and a collection process is commenced, it would not be appropriate to estimate the amount or collectability of the accounts receivable reflected on the schedules. It is possible that the adjustment to reduce the amount currently being reflected could be significant and material.

- **Office Furniture, Fixtures and Equipment (AB38 through AB45)**. Items listed in AB38-45 are scheduled according to their net book value. The Debtors have made reasonable efforts to identify all assets; however, it is possible that inadvertent errors, misclassifications, or omissions may have occurred, or that property of *de minimis* value is not included in response to this question.

- <u>Interests in Insurance Policies (AB73)</u>.   The understanding is the Debtors have maintained a variety of insurance policies, including property, maritime, general liability, and worker's compensation policies.  A further review of the insurance policies maintained including key man life will be required.

**Schedule D Notes**

- Except as otherwise agreed in accordance with a stipulation and order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.

- Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security interests, have not been listed on Schedule D.  The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments.

- Certain claims are listed on Schedule D as "unliquidated" because the value of the collateral securing such potential claims is unknown.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

- The Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  The amounts outstanding under the Debtors' prepetition secured credit facilities and secured notes reflect the approximate principal amounts and accrued interest as of the Petition Date.

- The descriptions provided on Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation or an acknowledgment of the terms of such agreements or related documents.

**Schedule E/F Notes**.

- The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date.  However, the actual value of claims against the Debtors may vary significantly from the represented liabilities.  Moreover, because the Debtors have scheduled all claims in U.S. dollars, foreign creditors asserting claims in local currencies

8

may disagree with the scheduled amounts due to differences in applied conversion rate. Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 7 Cases.

- The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F was incurred or arose, fixing that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule E/F.

- Schedule E/F also contains information regarding certain litigation creditors involving the Debtors. However, certain omissions may have occurred. The inclusion of any judgement value in the Schedules and Statements does not constitute an admission by the Debtors of any liability.

- Certain litigations reflected as claims for or against one Debtor may relate to one or more of the other Debtors. The Debtors have made commercially reasonable efforts to record these actions in the Schedules and Statements of each Debtor that is party to the action. Moreover, given the number of litigations involving Debtors, the Schedules do not contain specific details of every litigation, such as the names and addresses of each party to a given litigation.

**Schedule G Notes**.

- The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

- In some cases, the same contract counterparty appears multiple times in a Debtors' Schedule G. This multiple listing is generally intended to reflect distinct agreements between the applicable Debtor and such counterparty, however, due to the magnitude of data, it is possible that a multiple listing may be the result of duplicates. As part of Schedule G, the Debtors made best efforts to include executory contracts and all supporting documents (e.g., amendments) to executory contracts listing.

- The contracts, agreements, and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended, and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Certain of the leases listed on Schedule G may contain renewal options, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the agreements listed on Schedule G may also be in the nature of conditional sales agreements or secured financings, and their inclusion on Schedule G is not an admission that the agreement is an executory contract, financing agreement, or otherwise.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained. In such cases, the Debtors have made their best efforts to determine the correct Debtors' Schedule G on which to list such executory contract.

**Schedule H Notes**.

- In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Not all claims may have been set forth individually on Schedule H.

### Statement of Financial Affairs

**Statement Question 1 and 2 – Revenue**. Revenues are reflected based on the Debtors' books and records and financial information. As previously stated, the financial disclosures prevent the CRO from attesting to the validity and accuracy of the financial information reflected in the Debtors' books and records. The financial disclosures and the concerns expressed by Mr. Rosenthal raises significant concerns relating to the validity and accuracy of the Debtors' revenues.

**Statement Question 3 – 90 Day Payments**. Due to the complex nature of the Debtors' global operations, the listed 90-day payments likely do not constitute an exhaustive list. The Statements do not include payments that were made by non-Debtor affiliates of the Debtors where part, or all, of the payment benefitted one or more of the Debtors.

**Statement Question 4 – Payments to Insiders**. As previously stated, the financial disclosures prevent the CRO from attesting to the validity and accuracy of the financial information reflected in the Debtors' books and records. During the prior one-year period, Mr. Rosenthal received payroll on a biweekly basis and starting during November of 2022 on a weekly basis. These payroll payments included two payments for each payroll cycle, one to Jason Rosenthal and a

second one to Beth Rosenthal.  In addition, Mr. Rosenthal's brother was an employee of Barnett Canada and received compensation from Barnett Canada.  Barnett Canada operations were funded by the Debtor.   The Debtor transferred funds during the one-year period to pay rent, payroll and other expenses relating to the operations of Barnett Canada.   A further forensic investigation by the Chapter 7 trustee may identify additional insiders and additional payments to insiders that require disclosure.

**Statement Question 6 – Setoffs.**  The Debtor has several customers that are owned or related parties to certain vendors of the Debtor.  As a result, several offsets have been communicated totally approximately $61,000,000 relating to certain vendors and customers which the Debtor has raised concerns, questions and currently disputes their impact on the accounts receivable of the Debtors.  In addition, the appropriateness and validity of these potential offsets may be significantly impacted by the disclosures and concerns communicated by Jason Rosenthal.

**Statement Question 7 – Legal Actions.**  The Debtors have made reasonable best efforts to identify all current pending litigation involving the Debtors; however, to the extent there have been omissions the Debtors will update accordingly.

**Fill in this information to identify the case:**

Debtor name ___Barnett Corporation_____

United States Bankruptcy Court for the: ___Eastern_____ District of _New York___
  (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals          **12/15**

| Part 1: | Summary of Assets |
|---|---|

1. ***Schedule A/B: Assets–Real and Personal Property*** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.................................................................................   $ ___0___

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*..............................................................................   $ 0

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*................................................................................   $ 231,972,432

| Part 2: | Summary of Liabilities |
|---|---|

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*..............................   $ 148,272,457

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*......................................................   $ TBD

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.......................................   + $ 107,500,737

4. **Total liabilities**...................................................................................................................   $ TBD
   Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name    Barnett Corporation

United States Bankruptcy Court for the:    Eastern    District of    New York
                                                                    (State)

Case number (If known):    _____

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**    **Current value of debtor's interest**

2. **Cash on hand**    $_____0

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)    Last 4 digits of account number

   3.1.  See attachment 1.2    _____    ___ ___ ___ ___    $_____54,877

4. **Other cash equivalents** *(Identify all)*

   4.1. _____    $_____
   4.2. _____    $_____

5. **Total of Part 1**    $_____54,877
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☑ Yes. Fill in the information below.

   **Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1.  Various security deposits and prepaid items - see global notes    TBD    $_____
   7.2. _____    $_____

Debtor  Barnett Corporation
      Name

Case number (if known)_____

---

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1._____ $_____

8.2._____ $_____

**9. Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.      $_____

---

## Part 3:  Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

                                              Current value of debtor's interest

**11. Accounts receivable**

| | face amount | | | | Current value |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | $50,024,338 | − | see global notes<br>doubtful or uncollectible accounts | = ........→ | $ 50,024,338 |
| 11b. Over 90 days old: | $154,277,972 | − | see global notes<br>doubtful or uncollectible accounts | = ........→ | $ 154,277,972 |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.      $ 204,302,310

---

## Part 4:  Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1._____ _____ $_____

14.2._____ _____ $_____

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| 15.1. Investment in Barnett Forest LLC | 100 % | net book value | TBD |
| 15.2. Global Paper Supply (HK) Ltd | 100 % | | $ TBD |
| Canada Forest Export Corporation | 100 % | | TBD |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1._____ _____ $_____

16.2._____ _____ $_____

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.      $_____

---

Official Form 206A/B          Schedule A/B: Assets — Real and Personal Property          page 2

Debtor    __Barnett Corporation_____    Case number *(if known)*_____
              Name

| Part 5: | **Inventory, excluding agriculture assets** |

**18.  Does the debtor own any inventory (excluding agriculture assets)?**

☐  No. Go to Part 6.

☑/Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.  Raw materials** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| **20.  Work in progress** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| **21.  Finished goods, including goods held for resale** | | | | |
| Linerboard, paper and pulp | 4/1/2022  MM / DD / YYYY | $ 23,006,499 | see global notes | $ 23,006,499 |
| **22.  Other inventory or supplies** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |

**23.  Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                                                         $    **23,006,499**

**24.  Is any of the property listed in Part 5 perishable?**

☑  No

☐  Yes

**25.  Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑  No

☐  Yes. Book value _____  Valuation method_____  Current value_____

**26.  Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑  No

☐  Yes

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |

**27.  Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑  No. Go to Part 7.

☐  Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28.  Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| **29.  Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| **30.  Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| **31.  Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| **32.  Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

Debtor    **Barnett Corporation**    Case number (if known)_____
_____
Name

33. **Total of Part 6.**
    Add lines 28 through 32. Copy the total to line 85.    $_____

34. **Is the debtor a member of an agricultural cooperative?**
    ☑ No
    ☐ Yes. Is any of the debtor's property stored at the cooperative?
        ☐ No
        ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
    ☑ No
    ☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
    ☑ No
    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
    ☑ No
    ☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---------|-------------------------------------------------------------|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**
    ☐ No. Go to Part 8.
    ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|-----------------------------------------|------------------------------------|
| 39. **Office furniture** Furniture and Fixtures | $ 4,615 | net book value | $ 4,615 |
| 40. **Office fixtures** Leashold improvements | $ 24,414 | net book value | $ 24,414 |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** Computer Equipment | $53,129 | net book value | $ 53,129 |

42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**
    Add lines 39 through 42. Copy the total to line 86.    $ 82,158

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
    ☐ No
    ☑ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
    ☑ No
    ☐ Yes

Debtor    __Barnett Corporation_____    Case number (if known)_____
          Name

---

| Part 8: | Machinery, equipment, and vehicles |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description | Net book value of | Valuation method used | Current value of |
| Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | debtor's interest (Where available) | for current value | debtor's interest |

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| 47.1 _____ | $_____ | _____ | $_____ |
| 47.2 _____ | $_____ | _____ | $_____ |
| 47.3 _____ | $_____ | _____ | $_____ |
| 47.4 _____ | $_____ | _____ | $_____ |

**48. Watercraft, trailers, motors, and related accessories Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels**

| 48.1 _____ | $_____ | _____ | $_____ |
| 48.2 _____ | $_____ | _____ | $_____ |

**49. Aircraft and accessories**

| 49.1 _____ | $_____ | _____ | $_____ |
| 49.2 _____ | $_____ | _____ | $_____ |

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| Photocopier    operating lease | $_____ ₵ | _____ | $_____ 0 |

**51. Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

| | $_____ 0 |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?** net book value

☑ No

☐ Yes

---

Debtor  **Barnett Corporation**
_____
Name

Case number (if known)_____

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as<br>Assessor Parcel Number (APN), and type of property<br>(for example, acreage, factory, warehouse, apartment<br>or office building), if available. | Nature and extent<br>of debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|
| 55.1_____ | _____ | $_____ | _____ | $_____ |
| 55.2_____ | _____ | $_____ | _____ | $_____ |
| 55.3_____ | _____ | $_____ | _____ | $_____ |
| 55.4_____ | _____ | $_____ | _____ | $_____ |
| 55.5_____ | _____ | $_____ | _____ | $_____ |
| 55.6_____ | _____ | $_____ | _____ | $_____ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| **61. Internet domain names and websites**<br>website | $_____ | _____ | $ **TBD** |
| **62. Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| **63. Customer lists, mailing lists, or other compilations**<br>Customer lists | $_____ | _____ | $ **TBD** Type text h |
| **64. Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| **65. Goodwill**<br>_____ | $_____ | _____ | $_____ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ **TBD**

Debtor   Barnett Corporation
      Name

Case number (if known)_____

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**
  ☑ No
  ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
  ☑ No
  ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
  ☑ No
  ☐ Yes

## Part 11:  All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.
  ☐ No. Go to Part 12.
  ☑ Yes. Fill in the information below.

                                                                     **Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)
various (see attachment 11.71) — see global notes ⇒➔ $ 2,950,870
                        2,950,870
                  Total face amount      doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)
Refund reflected on filed amended tax returns      Tax year 2020    $ 196,906
Refund reflected on filed amended tax returns      Tax year 2019    $ 1,302,458
Refund reflected on filed amended tax returns      Tax year 2016-2018   $ 76,304

73. **Interests in insurance policies or annuities**
Term life insurance no CSV              $ 0

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**
See attached                     $ TBD
**Nature of claim**
**Amount requested**    $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**
TBD                         $_____
**Nature of claim**
**Amount requested**    $_____

76. **Trusts, equitable or future interests in property**
                                     $_____

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership
Due from Employees and Affiliates see attachment       TBD
                                  $_____
                                  $_____

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.      $ 4,526,538

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
  ☑ No
  ☐ Yes

Debtor   __Barnett Corporation_____     Case number (if known)_____
         Name

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 54,877 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ TBD | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 204,302,360 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ TBD | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 23,006,499 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 82,158 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ | |
| 88. **Real property.** *Copy line 56, Part 9.* .............................➔ | | $ 0 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 4,526,538 | |
| 91. **Total.** Add lines 80 through 90 for each column............91a. | $ | + 91b. $ 0 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ...................................   $ 231,972,432

**Attachment 1.2**

| 2. Cash on hand | Current Value of Debtor's Interest |
|---|---|
| | - |

**3. Checking, savings, money market or financial brokerage accounts**

| Name of Instituation | Company | Type | Last 4 digits | Current Value of Debtor's Interest |
|---|---|---|---|---|
| Citibank | | Currency Translation Accounts | 7264 | 9,848 |
| Citibank | | Currency Translation Accounts | 5829 | - * |
| Wells Fargo Eur | BC | MultiCurrency | 5754 | * |
| Wells Fargo Eur | BC | Mutlicurrency | 9483 | * |
| Wells Fargo London | | Mutlicurrency | 5979 | * |
| Webster | BC | Operating | 6613 | 54,877 |
| Webster | BC | Concentration | 6604 | * |
| Webster | BC | AP | 6620 | |
| | | | | $ 64,725 |

*Currency and concetration accounts are swept on a daily basis, as such some amounts may be in transit.

**11. 71 Other Assets - Notes Receivable and Due From Affiliate**

| Name of Obligor | Book Value | Reserves | Current Value of Debtor's Interest |
|---|---|---|---|
| Note Receivable-Papelsa | $ | 2,373,856 | $ 2,373,856 |
| Note Receivable -EPASA | | 278,458 | 278,458 |
| Note Receivable-Geo Media | | 152,491 | 152,491 |
| Note Receivables - OC Group | | 249,233 | 249,233 |
| Note Receivables - UPI | | 146,064 | 146,064 |
| | $ | 3,200,103 | $ 3,200,103 |

**11. 74 Other Assets -  Causes of Action against 3rd Parties**

| Name | Nature of Claim | Amount Requested | Current Value of Debtor's Interest |
|---|---|---|---|
| Barnett Forest, LLC v. Jess Abell and Nancy Abell | Asset Conversion | TBD | TBD |
| Barnett Forest, LLC v. Bollinger Construction | Breach of Contract | 3,326,241 | TBD |

**11. 77 Other Assets -  Employee Receivables and Due From Affiliate**

| Name of Obligor | Book Value | Reserves | |
|---|---|---|---|
| Due from Affiliate (Global Paper Supply) | | 4,656,742 | See Global Notes | TBD |
| Due from Affiliate (Barnett Forest) | | 24,228,900 | See Global Notes | TBD |
| Jason Rosenthal Employee Loan Receivable | | 581,190 | See Global Notes | TBD |
| Other employee receivables | | 23,425 | See Global Notes | TBD |
| Due from Affiliate (KCCA- Barnett) | | 66,500 | See Global Notes | TBD |
| Due from Affiliate (Canada Forest) | | 12,496,182 | See Global Notes | TBD |
| | $ | 45,648,339 | | TBD |

**Fill in this information to identify the case:**

Debtor name __Barnett Corporation__

United States Bankruptcy Court for the: __Eastern__    District of __New York__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A: Amount of claim. Do not deduct the value of collateral. | Column B: Value of collateral that supports this claim |
|---|---|---|

**2.1**

Creditor's name
__Webster Business Credit Corporation, As Agent__
Creditor's mailing address
__360 Lexington Avenue__
__New York, NY 10017__
__Attn: Account Executive- Barnett Corp.__
Creditor's email address, if known
_____

Date debt was incurred _____
Last 4 digits of account number ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☐ No
☑ Yes. Specify each creditor, including this creditor, and its relative priority.

Describe debtor's property that is subject to a lien
__substantially all assets__
Column A: $ 148,272,457
Column B: $ TBD

Describe the lien
_____

Is the creditor an insider or related party?
☑ No
☐ Yes

Is anyone else liable on this claim?
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2.2**

Creditor's name
__Merchants National Bonding, Inc.__
Creditor's mailing address
__P.O. Box 14498__
__Des Moines, IA 50306-3498__
Creditor's email address, if known
_____

Date debt was incurred _____
Last 4 digits of account number ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   ☐ Yes. The relative priority of creditors is specified on lines

Describe debtor's property that is subject to a lien
_____
Column A: $ TBD
Column B: $ TBD

Describe the lien
_____

Is the creditor an insider or related party?
☐ No
☐ Yes

Is anyone else liable on this claim?
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $ _____

| Debtor | Barnett Corporation | Case number (if known) |
|--------|---------------------|------------------------|
|        | Name                |                        |

| Part 1: | Additional Page | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---------|-----------------|--|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2._**

**Creditor's name**
Merchants Bonding Company

**Creditor's mailing address**
P.O. Box 14498
Des Moines, IA 50306-3498

**Creditor's email address, if known**

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
　☐ No. Specify each creditor, including this creditor, and its relative priority.
　　_____
　　_____
　　_____

　☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**
_____ $ __TBD__ $ __TBD__
_____
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

**2._**

**Creditor's name**
_____

**Creditor's mailing address**
_____
_____

**Creditor's email address, if known**
_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
　☐ No. Specify each creditor, including this creditor, and its relative priority.
　　_____
　　_____
　　_____

　☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**
_____ $ _____ $ _____
_____
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Debtor _____          Case number (if known)_____
Name

**Part 2:**     **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor | Barnett Corporation |
| United States Bankruptcy Court for the: | Eastern District of New York |
| | (State) |
| Case number (If known) | |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).
   - ☑ No. Go to Part 2.
   - ☐ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $ TBD | $ TBD |

**2.1** Priority creditor's name and mailing address
Barnett Corporation -SEP

77 Spruce Street
Cedarhurst, NY 11516

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☑ Unliquidated
☑ Disputed

Total claim $ TBD

Priority amount $ TBD

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (___)**

---

**2.2** Priority creditor's name and mailing address
Employee Benefit Plans

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Total claim $ TBD

Priority amount $ TBD

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (___)**

---

**2.3** Priority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim $ ___

Priority amount $ ___

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (___)**

| Debtor | **Barnett Corporation** | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | | Amount of claim |
|---|---|---|---|

**3.1** | **Nonpriority creditor's name and mailing address**
Packaging Corporation of America

36596 Treasury Cntr Chicago,IL 60694-6500

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 2,156,837.12

---

**3.2** | **Nonpriority creditor's name and mailing address**
Raistone Purchasing LLC fka SGSF Master Purchasing DE LLC and Raistone Capital LLC
c/o Gary Scharmett, Stradley Ronon Stevens & Young LLP

100 Park Avenue, NY, NY 10017

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 17,430,243.47

---

**3.3** | **Nonpriority creditor's name and mailing address**
PROCARSA (PCA)

KM 6.5  VIA DURAN - TAMBO GUAYAQUIL,Ecuador

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 7,132,588.81

---

**3.4** | **Nonpriority creditor's name and mailing address**
REPAPERS (PCA)

3671 N. W. 81 Street Miami,FL, 33147

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 1,305,908.24

---

**3.5** | **Nonpriority creditor's name and mailing address**
Surpapelcorp

KM 6.5  VIA DURAN - TAMBO GUAYAQUIL,Ecuador

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 54,364,847.19

---

**3.6** | **Nonpriority creditor's name and mailing address**
FPC TISSUE SPA  really (STENN)

Km 17.5  Coronel , Chile

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☐ No
☐ Yes

$ 132,528.90

---

| Debtor | Barnett Corporation | Case number (if known) _____ |
|---|---|---|
| | Name | |

## Part 2: Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3._7_** Nonpriority creditor's name and mailing address

Mediterranean Shipping

420 FIFTH AVENUE NEW YORK,NY 10018

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 177,097.36

---

**3._8_** Nonpriority creditor's name and mailing address

FRUIT PACK CORPORATION

15 WESTWOOD DR HUNTINGTON, NY 11743

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 154,018.26

---

**3._9_** Nonpriority creditor's name and mailing address

Oxford 1

5250 Ferrier Street Montreal, H4P 1L4

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 101,159.51

---

**3._10_** Nonpriority creditor's name and mailing address

Fester & Co (offset by HDI Marine)

Trostbrücke 420457 Hamburg

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 5,131.59

---

**3._11_** Nonpriority creditor's name and mailing address

FORTEX INTERNATIONAL AB

BOX 135 , SE-429  23 KULLAVIKSWEDEN

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 60,601.30

---

| Debtor | Barnett Corporation | Case number (if known) _____ |
|---|---|---|
| | Name | |

---

**Part 2:** **Additional Page**

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.12** Nonpriority creditor's name and mailing address

Charta Global

100 S Anaheim Blvd Anaheim,CA 92805

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

$ 55,007.70

---

**3.13** Nonpriority creditor's name and mailing address

Ports America

Nashville Avenue Terminal New Orleans,LA 70115

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

$ 42,300.00

---

**3.14** Nonpriority creditor's name and mailing address

Presidio Paper

1047 Evelyn Ave Albany,CA 94706

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

$ 41,867.41

Type text here

---

**3.15** Nonpriority creditor's name and mailing address

Worldwide Terminals Fernandina, LLC

2345 Friendly Road Fernandina Beach,FL 32034

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

$ 31,184.68

---

**3.16** Nonpriority creditor's name and mailing address

Distribution Services International, Inc

1 Birkenhead RoadPort Wentworth, GA 31407

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

$ 29,211.62

---

Debtor    **Barnett Corporation**
_____    Case number (if known) _____
_Name_

| Part 2: | Additional Page |
| --- | --- |

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
| --- | --- |

**3.17** Nonpriority creditor's name and mailing address

SEALAND

2801 SW 149th Ave, Miramar Florida 33027
_____
_____

As of the petition filing date, the claim is:
_Check all that apply._
☑ Contingent
☑ Unliquidated
☑ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: _____

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 25,880.00

---

**3.18** Nonpriority creditor's name and mailing address

Barnett Italia Srl

Via Campo La Guzza 7A int 4 ,ITALY

As of the petition filing date, the claim is:
_Check all that apply._
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 22,813.83

---

**3.19** Nonpriority creditor's name and mailing address

_____
_____

See page 8

As of the petition filing date, the claim is:
_Check all that apply._
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

---

**3.20** Nonpriority creditor's name and mailing address

Oxford Paper

5250 Ferrier Street Montreal, H4P 1L4
_____

As of the petition filing date, the claim is:
_Check all that apply._
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 20,995.26

---

**3.21** Nonpriority creditor's name and mailing address

Resolute Tissue

5020 Hwy 11 South Calhoun,TN 37309
_____

As of the petition filing date, the claim is:
_Check all that apply._
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 20,750.79

---

| Debtor | Barnett Corporation | Case number (if known) _____ |
|---|---|---|
| | Name | |

## Part 2:  Additional Page

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

---

**3.22** Nonpriority creditor's name and mailing address

Von Drehle Corporation

612 Third Avenue NE Hickory,NC 28601

As of the petition filing date, the claim is:
*Check all that apply.*
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed
- ☐ Liquidated and neither contingent nor disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$ 9,650.48

---

**3.23** Nonpriority creditor's name and mailing address

ECL WAREHOUSE

PO Box 30550  Savannah, GA 31410

As of the petition filing date, the claim is:
*Check all that apply.*
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$ 4,503.61

---

**3.24** Nonpriority creditor's name and mailing address

Mediterranean Shipping -Canada

7 Saint - Jacques  West  Montreal, CA-H2Y1K9

As of the petition filing date, the claim is:
*Check all that apply.*
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$ 3,100.00

Type text here

---

**3.25** Nonpriority creditor's name and mailing address

NEW YORK STATE INSURANCE FUND

8 Corporate Center Drive, Mellville NY 11747

As of the petition filing date, the claim is:
*Check all that apply.*
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$ 2,989.33

---

**3.26** Nonpriority creditor's name and mailing address

New March

2914 Mckinley Street Madison, Wisconsin 53705

As of the petition filing date, the claim is:
*Check all that apply.*
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$ 2,909.53

---

Debtor    __Barnett Corporation_____    Case number (if known)_____
                  Name

| Part 2: | Additional Page |
|---------|-----------------|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | **Amount of claim**

---

**3.27** | Nonpriority creditor's name and mailing address

CIETRADE SYSTEMS INC

15 North Water Street Norwalk, CT 06854

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed
☐ Liquidated and neither contingent nor disputed

$  2,540.47

Basis for the claim: _____

Date or dates debt was incurred    _____
Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

---

**3.28** | Nonpriority creditor's name and mailing address

Sultanik & Krumholz, LLC

241 Cedar lane Teaneck, NJ 07666

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

$  1,500.00

Basis for the claim: _____

Date or dates debt was incurred    _____
Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

---

**3.29** | Nonpriority creditor's name and mailing address

Merchants Transfer Co. (MTC)

1201 Paper Mill Road Mobile,AL 36610

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

$  1,260.00

Basis for the claim: _____

Date or dates debt was incurred    _____
Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

Type text here

---

**3.30** | Nonpriority creditor's name and mailing address

NEW ORLEANS TERMINAL LLC (NOT)

50 Napoleon Avenue , New Orleans, LA 70115

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

$  650.00

Basis for the claim: _____

Date or dates debt was incurred    _____
Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

---

**3.31** | Nonpriority creditor's name and mailing address

ZIM Shipping Fiance Limited

5801 LAKE WRIGHT DR, NORFOLK VA 23502-1863

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

$  628.25

Basis for the claim: _____

Date or dates debt was incurred    _____
Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

---

Debtor __Barnett Corporation__
Name

Case number (if known) _____

| Part 2: | Additional Page |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

---

**3.32** Nonpriority creditor's name and mailing address
Sherwood Lumber Corporation

225 Broadhollow Road, Suite 310W

Melville, NY 11747

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 1,968,478.09

---

**3._33** Nonpriority creditor's name and mailing address
Unique Specialty Products, Inc.   c/o Beth Rosenthal

77 Spruce Street

Cedarhurst, NY 11516

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ TBD

---

**3.34** Nonpriority creditor's name and mailing address
Beth Rosenthal

1725 York Avenue

New York, NY 10128

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 300,000

---

**3.19** Nonpriority creditor's name and mailing address
Trac World

6565 Boule Herbert
St Catherine QUEBEC

J5C1B5  QUEBEC CANADA

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 597.26

---

**3.35** Nonpriority creditor's name and mailing address
Rosenthal Hm Eq c/o Jason Rosenthal

1725 York Avenue

New York, NY 10128

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____
Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 750,000

---

Debtor    Barnett Corporation
_____                    Case number (if known) _____
          Name

| Part 2: | Additional Page |

> Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

---

**3.36** Nonpriority creditor's name and mailing address

Director Loan c/o Jason Rosenthal

1725 York Avenue

New York, NY 10128

As of the petition filing date, the claim is:
*Check all that apply.*
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed
- ☐ Liquidated and neither contingent nor disputed

Basis for the claim: _____

Date or dates debt was incurred   _____
Last 4 digits of account number  __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$ 205,000

---

**3.37** Nonpriority creditor's name and mailing address

Barnett Sales Corp.

77 Spruce Street

Cedarhurst, NY 11516

As of the petition filing date, the claim is:
*Check all that apply.*
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred   _____
Last 4 digits of account number  __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$ 17,382,970

---

**3.38** Nonpriority creditor's name and mailing address

Viking Forest Products and Richmond International Forest Products LLC

7615 Smetten Lane #140 Eden Prairie MN 55344

As of the petition filing date, the claim is:
*Check all that apply.*
- ☑ Contingent
- ☐ Unliquidated
- ☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred   _____
Last 4 digits of account number  __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$ 1,077,741

---

**3.39** Nonpriority creditor's name and mailing address

Boise Cascade Building Materials Distribution LLC

1111 West Jefferson Street, Suite 300

Boise, Idaho 83702

As of the petition filing date, the claim is:
*Check all that apply.*
- ☑ Contingent
- ☐ Unliquidated
- ☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred   _____
Last 4 digits of account number  __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$ 422,118

---

**3.40** Nonpriority creditor's name and mailing address

Hoover Treated Wood Products

154 Wire Road, Thomson, GA3 0824

As of the petition filing date, the claim is:
*Check all that apply.*
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred   _____
Last 4 digits of account number  __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$ TBD

---

| Debtor | Barnett Corporation | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

## Part 2:  Additional Page

> Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

**3.___** Nonpriority creditor's name and mailing address
84 Lumber

Eighty Four Washington County Pennsylvannia

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: _____

Date or dates debt was incurred  _____
Last 4 digits of account number  __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ TBD

---

**3.___** Nonpriority creditor's name and mailing address
Canada 167094 Inc

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred  _____
Last 4 digits of account number  __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 233,026

---

**3.___** Nonpriority creditor's name and mailing address
9117093 Quebec Inc

As of the petition filing date, the claim is:
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: _____

Date or dates debt was incurred  _____
Last 4 digits of account number  __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ 1,821,536

---

**3.___** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred  _____
Last 4 digits of account number  __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ _____

---

**3.___** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred  _____
Last 4 digits of account number  __ __ __ __

Is the claim subject to offset?
☐ No
☐ Yes

$ _____

Debtor _____    Case number _(if known)_____

Name

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.2. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.3. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.4. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 41. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.5. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.6. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.7. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.8. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.9. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.10. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.11. | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |

Debtor _____    Case number (if known)_____
                    Name

| Part 3: | Additional Page for Others to Be Notified About Unsecured Claims |

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

4.___
_____    Line ____
_____    ☐ Not listed. Explain _____    __ __ __ __
_____    _____

Debtor   Barnett Corporation
_____   Case number (if known) _____
         Name

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ _____TBD_____ |
| 5b. Total claims from Part 2 | 5b. + | $ 107,500,737 _____ |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ 107,500,737 _____ |

**Fill in this information to identify the case:**

Debtor name __Barnett Corporation__

United States Bankruptcy Court for the: __Eastern__ District of __New York__
(State)

Case number (If known): _____ Chapter ____

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases** — State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | | |
|---|---|---|---|
| **2.1** | State what the contract or lease is for and the nature of the debtor's interest | Commercial Property Lease | Shri Properties LLC |
| | | | 1323 W Northwest Highway 100 |
| | | | Grapevine, TX 76051 |
| | State the term remaining | 3 Months | |
| | List the contract number of any government contract | | |
| **2.2** | State what the contract or lease is for and the nature of the debtor's interest | Storage Unit | Safeguard Storage |
| | | 5654 Unit 503 | 1176 Broadway |
| | | | Hewlett, NY 11557 |
| | State the term remaining | Month to Month | |
| | List the contract number of any government contract | | |
| **2.3** | State what the contract or lease is for and the nature of the debtor's interest | Equipment Lease | CIT |
| | | Toshiba Photocopier | 21146 Network Place |
| | | | Chicago, IL 60673 |
| | State the term remaining | 4 Months | |
| | List the contract number of any government contract | | |
| **2.4** | State what the contract or lease is for and the nature of the debtor's interest | Software Support | CieTrade |
| | | | 15 North Water Street |
| | | | Norwalk, CT 06854 |
| | State the term remaining | Month to Month | |
| | List the contract number of any government contract | | |
| **2.5** | State what the contract or lease is for and the nature of the debtor's interest | Software Support | Papersolve/Stardate Computer Systems |
| | | Month to Month | PO Box 140600 |
| | | | Staten Island, NY 10314 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

Debtor  **Barnett Corporation**
_____
Name

Case number *(if known)* _____

▮ **Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

List all contracts and unexpired leases

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

2._ | State what the contract or lease is for and the nature of the debtor's interest | **Commercial Property Lease** | **International Summit Equities**

State the term remaining

77 Spruce Street

List the contract number of any government contract

Cedarhurst, NY 11516

2._ | State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

2._ | State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

2._ | State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

2._ | State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

2._ | State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

2._ | State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**Fill in this information to identify the case:**

Debtor name _Barnett Corporation_

United States Bankruptcy Court for the: _Eastern_ District of _New York_
(State)

Case number (if known): _____

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, _Schedules D-G_. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.1 Barnett Sales Corp | 77 Spruce Street <br> Street <br><br> Cedarhurst, NY 11516 <br> City        State        ZIP Code | Webster Business Credit Corporation, As Agent | ☑ D <br> ☐ E/F <br> ☐ G |
| 2.2 Barnett Forest Corp. | 77 Spruce Street <br> Street <br><br> Cedarhurst      NY      11516 <br> City        State        ZIP Code | | ☐ D <br> ☑ E/F <br> ☐ G |
| 2.3 Canada Forest Export Corporation | 5250 Ferrier Street Suite 606 <br> Street <br><br> Montreal Quebec H4P IL4 Canada <br> City        State        ZIP Code | Webster Business Credit Corporation, As Agent | ☑ D <br> ☐ E/F <br> ☐ G |
| 2.4 Global Paper Supply (HK) Ltd, | Room 1803, Shatin Galleria, <br> Street <br> 18-24 Shan Mei Street, <br> Fotan, Shatin, NT Hong Kong <br> City        State        ZIP Code | Webster Business Credit Corporation, As Agent | ☑ D <br> ☐ E/F <br> ☐ G |
| 2.5 Global Paper Supply (SZ)Ltd | Room 1103 Building C Xingheshiji Plaza <br> Street <br><br> Futian, Shenzhen, China <br> City        State        ZIP Code | Webster Business Credit Corporation, As Agent | ☑ D <br> ☐ E/F <br> ☐ G |
| 2.6 Jason Rosenthal | 1725 York Avenue <br> Street <br><br> New York, NY 10128 <br> City        State        ZIP Code | Webster Business Credit Corporation, As Agent | ☑ D <br> ☐ E/F <br> ☐ G |

Debtor _____     Case number *(if known)*_____
                Name

## Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name | Mailing address | Name | Check all schedules that apply: |

2.___  _____   Street _____   _____   ☐ D
                           _____                              ☐ E/F
                           City        State    ZIP Code                         ☐ G

2.___  _____   Street _____   _____   ☐ D
                           _____                              ☐ E/F
                           City        State    ZIP Code                         ☐ G

2.___  _____   Street _____   _____   ☐ D
                           _____                              ☐ E/F
                           City        State    ZIP Code                         ☐ G

2.___  _____   Street _____   _____   ☐ D
                           _____                              ☐ E/F
                           City        State    ZIP Code                         ☐ G

2.___  _____   Street _____   _____   ☐ D
                           _____                              ☐ E/F
                           City        State    ZIP Code                         ☐ G

2.___  _____   Street _____   _____   ☐ D
                           _____                              ☐ E/F
                           City        State    ZIP Code                         ☐ G

2.___  _____   Street _____   _____   ☐ D
                           _____                              ☐ E/F
                           City        State    ZIP Code                         ☐ G

2.___  _____   Street _____   _____   ☐ D
                           _____                              ☐ E/F
                           City        State    ZIP Code                         ☐ G

**Fill in this information to identify the case and this filing:**

Debtor Name __Barnett Corporation__

United States Bankruptcy Court for the: __Eastern__    District of __New York__
(State)

Case number (*if known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☒ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* ____

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __12/22/2022__            ✗ __/s/ Anthony Calascibetta__
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

**Anthony Calascibetta**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name  Barnett Corporation

United States Bankruptcy Court for the: _____Eastern_____ District of ____New York____
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---------|--------|

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 1/1/2022 to Filing date<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 163,340,586 |
| **For prior year:** | From 1/1/2021 to 12/31/2021<br>MM / DD / YYYY    MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | 334,996,371 |
| **For the year before that:** | From 1/1/2020 to 12/31/2020<br>MM / DD / YYYY    MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | 295,437,132 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to Filing date<br>MM / DD / YYYY | _____ | $_____ |
| **For prior year:** | From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | _____ | $_____ |
| **For the year before that:** | From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | _____ | $_____ |

Debtor   **Barnett Corporation**
_____   Case number (if known)_____
        Name

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | See attachment SOFA 3.1 | | $ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State        ZIP Code | | | ☐ Other _____ |
| 3.2. | | | $ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State        ZIP Code | | | ☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | See attachment SOFA 4.0 | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | | | | |
| | City          State        ZIP Code | | | |
| | **Relationship to debtor** | | | |
| 4.2. | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | | | | |
| | City          State        ZIP Code | | | |
| | **Relationship to debtor** | | | |

**Disbursements from accounts 6604, 6613 and 6620**
**90 Days**

| Date | Payee | Ref | Amount | Reason |
|------|-------|-----|--------|--------|
| 9/19/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 703.18 | Related Party - Canada Forest |
| 9/20/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 320.00 | Related Party - Canada Forest |
| 10/12/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 81.50 | Related Party - Canada Forest |
| 10/13/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 50.00 | Related Party - Canada Forest |
| 10/14/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 8,990.00 | Related Party - Canada Forest |
| 10/18/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 681.82 | Related Party - Canada Forest |
| 10/31/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 150.00 | Related Party - Canada Forest |
| 11/4/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 98.00 | Related Party - Canada Forest |
| 11/14/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 3,100.00 | Related Party - Canada Forest |
| 11/17/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 2,400.00 | Related Party - Canada Forest |
| 12/5/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 4,300.00 | Related Party - Canada Forest |
| 12/15/2022 | Transfer 10962611 | WEBLINK TRANSFR WD TRANSFER TO 0010962611 | 810.00 | Related Party - Canada Forest |
| | **Transfer 10962611 Total** | | **21,684.50** | Other |
| 9/16/2022 | BARNETT ITALIA | FEDWIRE FX OUTGOING WIRE TO BARNETT ITALIA | 100,317.77 | Related Party |
| 9/23/2022 | BARNETT ITALIA | FEDWIRE FX OUTGOING WIRE TO BARNETT ITALIA | 65,006.50 | Related Party |
| 10/7/2022 | BARNETT ITALIA | FEDWIRE FX OUTGOING WIRE TO BARNETT ITALIA | 30,423.00 | Related Party |
| 10/14/2022 | BARNETT ITALIA | FEDWIRE FX OUTGOING WIRE TO BARNETT ITALIA | 99,780.00 | Related Party |
| 10/21/2022 | BARNETT ITALIA | FEDWIRE FX OUTGOING WIRE TO BARNETT ITALIA | 75,000.00 | Related Party |
| 10/27/2022 | BARNETT ITALIA | FEDWIRE FX OUTGOING WIRE TO BARNETT ITALIA | 74,495.12 | Related Party |
| 11/23/2022 | BARNETT ITALIA | FEDWIRE FX OUTGOING WIRE TO BARNETT ITALIA | 21,321.33 | Related Party |
| | **BARNETT ITALIA Total** | | **466,343.72** | Supplier or vendor |
| 10/13/2022 | CANADA FOREST EXPORT COR | FEDWIRE OUTGOING WIRE TO CANADA FOREST EXPORT COR | 3,800.00 | Related Party - Canada Forest |
| 10/19/2022 | CANADA FOREST EXPORT COR | FEDWIRE OUTGOING WIRE TO CANADA FOREST EXPORT COR | 3,600.00 | Related Party - Canada Forest |
| 10/21/2022 | CANADA FOREST EXPORT COR | FEDWIRE OUTGOING WIRE TO CANADA FOREST EXPORT COR | 9,850.00 | Related Party - Canada Forest |
| 11/17/2022 | CANADA FOREST EXPORT COR | FEDWIRE OUTGOING WIRE TO CANADA FOREST EXPORT COR | 3,800.00 | Related Party - Canada Forest |
| 11/30/2022 | CANADA FOREST EXPORT COR | FEDWIRE OUTGOING WIRE TO CANADA FOREST EXPORT COR | 7,300.00 | Related Party - Canada Forest |
| | **CANADA FOREST EXPORT COR Total** | | **29,150.00** | Other |
| 10/27/2022 | COHN REZNICK LLP | FEDWIRE OUTGOING WIRE TO COHN REZNICK LLP | 25,000.00 | Services |
| | **COHN REZNICK LLP Total** | | **25,000.00** | Services |
| 10/14/2022 | COOPER-PORTS AMERICA | FEDWIRE OUTGOING WIRE TO COOPER-PORTS AMERICA | 50,045.90 | Supplier or vendor |
| 10/21/2022 | COOPER-PORTS AMERICA | FEDWIRE OUTGOING WIRE TO COOPER-PORTS AMERICA | 25,970.00 | Supplier or vendor |
| 10/27/2022 | COOPER-PORTS AMERICA | FEDWIRE OUTGOING WIRE TO COOPER-PORTS AMERICA | 9,970.30 | Supplier or vendor |
| | **COOPER-PORTS AMERICA Total** | | **85,986.20** | Supplier or vendor |
| 9/16/2022 | DISTRIBUTION SERVICES IN | FEDWIRE OUTGOING WIRE TO DISTRIBUTION SERVICES IN | 14,224.00 | Supplier or vendor |
| 9/22/2022 | DISTRIBUTION SERVICES IN | FEDWIRE OUTGOING WIRE TO DISTRIBUTION SERVICES IN | 26,763.45 | Supplier or vendor |
| 10/7/2022 | DISTRIBUTION SERVICES IN | FEDWIRE OUTGOING WIRE TO DISTRIBUTION SERVICES IN | 7,591.80 | Supplier or vendor |
| 10/14/2022 | DISTRIBUTION SERVICES IN | FEDWIRE OUTGOING WIRE TO DISTRIBUTION SERVICES IN | 13,389.84 | Supplier or vendor |
| 10/21/2022 | DISTRIBUTION SERVICES IN | FEDWIRE OUTGOING WIRE TO DISTRIBUTION SERVICES IN | 27,975.63 | Supplier or vendor |
| 11/4/2022 | DISTRIBUTION SERVICES IN | FEDWIRE OUTGOING WIRE TO DISTRIBUTION SERVICES IN | 11,580.00 | Supplier or vendor |
| 11/10/2022 | DISTRIBUTION SERVICES IN | FEDWIRE OUTGOING WIRE TO DISTRIBUTION SERVICES IN | 4,246.69 | Supplier or vendor |
| 11/17/2022 | DISTRIBUTION SERVICES IN | FEDWIRE OUTGOING WIRE TO DISTRIBUTION SERVICES IN | 12,715.80 | Supplier or vendor |
| | **DISTRIBUTION SERVICES IN Total** | | **118,457.01** | Supplier or vendor |
| 10/14/2022 | ECL WAREHOUSE SERVICES | FEDWIRE OUTGOING WIRE TO ECL WAREHOUSE SERVICES | 15,680.00 | Supplier or vendor |
| 10/21/2022 | ECL WAREHOUSE SERVICES | FEDWIRE OUTGOING WIRE TO ECL WAREHOUSE SERVICES | 28,570.00 | Supplier or vendor |
| 11/4/2022 | ECL WAREHOUSE SERVICES | FEDWIRE OUTGOING WIRE TO ECL WAREHOUSE SERVICES | 474.50 | Supplier or vendor |
| | **ECL WAREHOUSE SERVICES Total** | | **44,724.50** | Supplier or vendor |
| 9/16/2022 | EISNER ADVISORY GROUP LL | FEDWIRE OUTGOING WIRE TO EISNER ADVISORY GROUP LL | 30,000.00 | Services |
| 9/22/2022 | EISNER ADVISORY GROUP LL | FEDWIRE OUTGOING WIRE TO EISNER ADVISORY GROUP LL | 30,000.00 | Services |
| 10/14/2022 | EISNER ADVISORY GROUP LL | FEDWIRE OUTGOING WIRE TO EISNER ADVISORY GROUP LL | 60,000.00 | Services |
| 10/21/2022 | EISNER ADVISORY GROUP LL | FEDWIRE OUTGOING WIRE TO EISNER ADVISORY GROUP LL | 30,000.00 | Services |
| 10/27/2022 | EISNER ADVISORY GROUP LL | FEDWIRE OUTGOING WIRE TO EISNER ADVISORY GROUP LL | 60,000.00 | Services |
| 11/4/2022 | EISNER ADVISORY GROUP LL | FEDWIRE OUTGOING WIRE TO EISNER ADVISORY GROUP LL | 30,000.00 | Services |
| 11/10/2022 | EISNER ADVISORY GROUP LL | FEDWIRE OUTGOING WIRE TO EISNER ADVISORY GROUP LL | 40,000.00 | Services |
| 11/17/2022 | EISNER ADVISORY GROUP LL | FEDWIRE OUTGOING WIRE TO EISNER ADVISORY GROUP LL | 80,000.00 | Services |
| 12/15/2022 | EISNER ADVISORY GROUP LL | FEDWIRE OUTGOING WIRE TO EISNER ADVISORY GROUP LL | 129,471.00 | Services |
| | **EISNER ADVISORY GROUP LL Total** | | **489,471.00** | Services |
| 12/15/2022 | EISNER AMPER MANAGED TEC | FEDWIRE OUTGOING WIRE TO EISNER AMPER MANAGED TEC | 15,664.33 | Services |
| | **EISNER AMPER MANAGED TEC Total** | | **15,664.33** | Services |
| 9/18/2022 | EVERGREEN SHIPPING AGENC | FEDWIRE OUTGOING WIRE TO EVERGREEN SHIPPING AGENC | 52,620.00 | Supplier or vendor |
| | **EVERGREEN SHIPPING AGENC Total** | | **52,620.00** | Supplier or vendor |
| 9/22/2022 | GERMOVI CORP | FEDWIRE OUTGOING WIRE TO GERMOVI CORP | 13,999.00 | Supplier or vendor |
| | **GERMOVI CORP Total** | | **13,999.00** | Supplier or vendor |
| 10/7/2022 | GREENGLOBAL FOR TRADING | FEDWIRE FX OUTGOING WIRE TO GREENGLOBAL FOR TRADING | 16,889.97 | Supplier or vendor |
| 10/14/2022 | GREENGLOBAL FOR TRADING | FEDWIRE FX OUTGOING WIRE TO GREENGLOBAL FOR TRADING | 15,848.95 | Supplier or vendor |
| | **GREENGLOBAL FOR TRADING Total** | | **31,738.92** | Supplier or vendor |
| 9/16/2022 | HAPAG LLOYD | FEDWIRE OUTGOING WIRE TO HAPAG LLOYD | 24,442.45 | Supplier or vendor |
| 10/12/2022 | HAPAG LLOYD | FEDWIRE OUTGOING WIRE TO HAPAG LLOYD | 8,913.27 | Supplier or vendor |
| | **HAPAG LLOYD Total** | | **33,355.72** | Supplier or vendor |
| 9/16/2022 | INTERCONTINENTAL FORWARD | FEDWIRE OUTGOING WIRE TO INTERCONTINENTAL FORWARD | 4,000.00 | Supplier or vendor |
| 9/22/2022 | INTERCONTINENTAL FORWARD | FEDWIRE OUTGOING WIRE TO INTERCONTINENTAL FORWARD | 4,000.00 | Supplier or vendor |
| 10/14/2022 | INTERCONTINENTAL FORWARD | FEDWIRE OUTGOING WIRE TO INTERCONTINENTAL FORWARD | 6,000.00 | Supplier or vendor |
| 10/20/2022 | INTERCONTINENTAL FORWARD | FEDWIRE OUTGOING WIRE TO INTERCONTINENTAL FORWARD | 8,576.00 | Supplier or vendor |
| | **INTERCONTINENTAL FORWARD Total** | | **22,576.00** | Supplier or vendor |
| 10/4/2022 | INTERNATIONAL SU | ACH WITHDRAWAL INTERNATIONAL SU 516-295-3930 280 | 12,856.60 | Supplier or vendor |
| 11/2/2022 | INTERNATIONAL SU | ACH WITHDRAWAL INTERNATIONAL SU 516-295-3930 280 | 12,856.60 | Supplier or vendor |
| 12/2/2022 | INTERNATIONAL SU | ACH WITHDRAWAL INTERNATIONAL SU 516-295-3930 280 | 12,856.60 | Supplier or vendor |
| | **INTERNATIONAL SU Total** | | **38,569.80** | Supplier or vendor |
| 10/12/2022 | MAERSK INC. | FEDWIRE OUTGOING WIRE TO MAERSK INC. | 20,320.00 | Supplier or vendor |
| 10/17/2022 | MAERSK INC. | FEDWIRE OUTGOING WIRE TO MAERSK INC. | 68.46 | Supplier or vendor |
| | **MAERSK INC. Total** | | **20,388.46** | Supplier or vendor |
| 9/16/2022 | MEDITERRANEAN SHIPPING C | FEDWIRE OUTGOING WIRE TO MEDITERRANEAN SHIPPING C | 68,991.09 | Supplier or vendor |
| 9/22/2022 | MEDITERRANEAN SHIPPING C | FEDWIRE OUTGOING WIRE TO MEDITERRANEAN SHIPPING C | 95,465.40 | Supplier or vendor |
| 10/7/2022 | MEDITERRANEAN SHIPPING C | FEDWIRE OUTGOING WIRE TO MEDITERRANEAN SHIPPING C | 54,353.56 | Supplier or vendor |
| 10/12/2022 | MEDITERRANEAN SHIPPING C | FEDWIRE OUTGOING WIRE TO MEDITERRANEAN SHIPPING C | 11,265.00 | Supplier or vendor |
| | **MEDITERRANEAN SHIPPING C Total** | | **230,075.05** | Supplier or vendor |
| 9/22/2022 | MERCHANTS TRANSFER CO. | FEDWIRE OUTGOING WIRE TO MERCHANTS TRANSFER CO. | 16,254.57 | Supplier or vendor |
| 11/8/2022 | MERCHANTS TRANSFER CO. | FEDWIRE OUTGOING WIRE TO MERCHANTS TRANSFER CO. | 5,225.00 | Supplier or vendor |
| | **MERCHANTS TRANSFER CO. Total** | | **21,479.57** | Supplier or vendor |
| 9/16/2022 | MSC TREASURY LTD | FEDWIRE OUTGOING WIRE TO MSC TREASURY LTD | 27,608.00 | Supplier or vendor |
| 10/8/2022 | MSC TREASURY LTD | FEDWIRE OUTGOING WIRE TO MSC TREASURY LTD | 15,043.00 | Supplier or vendor |
| | **MSC TREASURY LTD Total** | | **42,651.00** | Supplier or vendor |
| 9/16/2022 | NEW ORLEANS TERMINAL LLC | FEDWIRE OUTGOING WIRE TO NEW ORLEANS TERMINAL LLC | 5,525.00 | Supplier or vendor |

**Disbursements from accounts 6604, 6613 and 6620**
**90 Days**

| Date | Payee | Ref | Amount | Reason |
|------|-------|-----|--------|--------|
| 9/22/2022 | NEW ORLEANS TERMINAL LLC | FEDWIRE OUTGOING WIRE TO NEW ORLEANS TERMINAL LLC | 12,825.00 | Supplier or vendor |
| 11/10/2022 | NEW ORLEANS TERMINAL LLC | FEDWIRE OUTGOING WIRE TO NEW ORLEANS TERMINAL LLC | 2,850.00 | Supplier or vendor |
| 11/17/2022 | NEW ORLEANS TERMINAL LLC | FEDWIRE OUTGOING WIRE TO NEW ORLEANS TERMINAL LLC | 2,375.00 | Supplier or vendor |
| | **NEW ORLEANS TERMINAL LLC Total** | | **23,575.00** | **Supplier or vendor** |
| 9/21/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 9902650001116XPAY | 38,994.03 | Payroll |
| 10/5/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 9921780002475XPAY | 29,871.64 | Payroll |
| 10/11/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 9926700000447XPAY | 6,986.42 | Payroll |
| 10/19/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 9940140002706XPAY | 29,884.50 | Payroll |
| 11/2/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 9958440002311XPAY | 39,129.42 | Payroll |
| 11/3/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 9960280003133XPAY | 12,209.50 | Payroll |
| 11/10/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 9969750000926XPAY | 12,209.42 | Payroll |
| 11/15/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. PkqEG31Dzs8VBtBPAY | 3,673.39 | Payroll |
| 11/17/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 9978990000417XPAY | 12,063.17 | Payroll |
| 11/22/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 9984170002647BXPAY | 12,063.18 | Payroll |
| 11/23/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 9986860002581XPAY | 9,501.42 | Payroll |
| 11/30/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. IQ9YCP0gzqn6HOsPAY | 3,673.40 | Payroll |
| 12/1/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 9996840002417XPAY | 13,954.76 | Payroll |
| 12/8/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 0004960000352XPAY | 12,063.20 | Payroll |
| 12/15/2022 | PAYCHEX PAY | ACH WITHDRAWAL PAYCHEX INC. 0014730012046XPAY | 5,524.90 | Payroll |
| | **PAYCHEX PAY Total** | | **241,802.37** | **Services** |
| 9/22/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9902810000316XTAX | 22,217.12 | Payroll |
| 10/6/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9921700000411XTAX | 17,166.88 | Payroll |
| 10/11/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9926970000010XTAX | 4,931.16 | Payroll |
| 10/20/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9940000001468XTAX | 17,166.95 | Payroll |
| 11/3/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9958690000432XTAX | 22,098.13 | Payroll |
| 11/4/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9960600000818XTAX | 7,052.07 | Payroll |
| 11/10/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9970240000063XTAX | 7,052.15 | Payroll |
| 11/17/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9976980000403XTAX | 2,287.58 | Payroll |
| 11/18/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9979410008280XTAX | 7,504.45 | Payroll |
| 11/23/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9984170002497XTAX | 7,007.42 | Payroll |
| 11/25/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9987140000982XTAX | 5,410.12 | Payroll |
| 12/1/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9995240000070XTAX | 2,287.57 | Payroll |
| 12/2/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 9997050000920XTAX | 7,991.25 | Payroll |
| 12/9/2022 | PAYCHEX TAX | ACH WITHDRAWAL PAYCHEX TPS 0005040000421XTAX | 9,091.18 | Payroll |
| | **PAYCHEX TAX Total** | | **139,284.63** | **Services** |
| 9/22/2022 | PLASTIC EXPRESS | FEDWIRE OUTGOING WIRE TO PLASTIC EXPRESS | 24,745.00 | Supplier or vendor |
| 10/14/2022 | PLASTIC EXPRESS | FEDWIRE OUTGOING WIRE TO PLASTIC EXPRESS | 3,446.00 | Supplier or vendor |
| 10/21/2022 | PLASTIC EXPRESS | FEDWIRE OUTGOING WIRE TO PLASTIC EXPRESS | 7,169.00 | Supplier or vendor |
| 11/17/2022 | PLASTIC EXPRESS | FEDWIRE OUTGOING WIRE TO PLASTIC EXPRESS | 2,183.00 | Supplier or vendor |
| | **PLASTIC EXPRESS Total** | | **37,543.00** | **Supplier or vendor** |
| 11/14/2022 | PORTS AMERICA INC | FEDWIRE OUTGOING WIRE TO PORTS AMERICA INC | 29,375.00 | Supplier or vendor |
| | **PORTS AMERICA INC Total** | | **29,375.00** | **Supplier or vendor** |
| 9/16/2022 | RIEMER & BRAUNSTEIN LLC | FEDWIRE OUTGOING WIRE TO RIEMER & BRAUNSTEIN LLC | 5,000.00 | Services |
| 9/22/2022 | RIEMER & BRAUNSTEIN LLC | FEDWIRE OUTGOING WIRE TO RIEMER & BRAUNSTEIN LLC | 10,000.00 | Services |
| 10/14/2022 | RIEMER & BRAUNSTEIN LLC | FEDWIRE OUTGOING WIRE TO RIEMER & BRAUNSTEIN LLC | 20,000.00 | Services |
| 10/21/2022 | RIEMER & BRAUNSTEIN LLC | FEDWIRE OUTGOING WIRE TO RIEMER & BRAUNSTEIN LLC | 20,000.00 | Services |
| 10/27/2022 | RIEMER & BRAUNSTEIN LLC | FEDWIRE OUTGOING WIRE TO RIEMER & BRAUNSTEIN LLC | 24,000.00 | Services |
| 11/4/2022 | RIEMER & BRAUNSTEIN LLC | FEDWIRE OUTGOING WIRE TO RIEMER & BRAUNSTEIN LLC | 24,674.34 | Services |
| 11/10/2022 | RIEMER & BRAUNSTEIN LLC | FEDWIRE OUTGOING WIRE TO RIEMER & BRAUNSTEIN LLC | 30,000.00 | Services |
| 11/17/2022 | RIEMER & BRAUNSTEIN LLC | FEDWIRE OUTGOING WIRE TO RIEMER & BRAUNSTEIN LLC | 7,935.70 | Services |
| 12/15/2022 | RIEMER & BRAUNSTEIN LLC | FEDWIRE OUTGOING WIRE TO RIEMER & BRAUNSTEIN LLC | 84,891.00 | Services |
| | **RIEMER & BRAUNSTEIN LLC Total** | | **226,501.04** | **Services** |
| 9/16/2022 | SEALAND | FEDWIRE OUTGOING WIRE TO SEALAND | 15,630.00 | Supplier or vendor |
| 10/14/2022 | SEALAND | FEDWIRE OUTGOING WIRE TO SEALAND | 27,972.00 | Supplier or vendor |
| | **SEALAND Total** | | **43,602.00** | **Supplier or vendor** |
| 9/16/2022 | SULTANIK AND KRUMHOLZ, L | FEDWIRE OUTGOING WIRE TO SULTANIK AND KRUMHOLZ, L | 5,000.00 | Services |
| 9/22/2022 | SULTANIK AND KRUMHOLZ, L | FEDWIRE OUTGOING WIRE TO SULTANIK AND KRUMHOLZ, L | 5,000.00 | Services |
| 10/14/2022 | SULTANIK AND KRUMHOLZ, L | FEDWIRE OUTGOING WIRE TO SULTANIK AND KRUMHOLZ, L | 20,000.00 | Services |
| 10/21/2022 | SULTANIK AND KRUMHOLZ, L | FEDWIRE OUTGOING WIRE TO SULTANIK AND KRUMHOLZ, L | 7,500.00 | Services |
| 10/27/2022 | SULTANIK AND KRUMHOLZ, L | FEDWIRE OUTGOING WIRE TO SULTANIK AND KRUMHOLZ, L | 5,000.00 | Services |
| 11/4/2022 | SULTANIK AND KRUMHOLZ, L | FEDWIRE OUTGOING WIRE TO SULTANIK AND KRUMHOLZ, L | 19,733.85 | Services |
| | **SULTANIK AND KRUMHOLZ, L Total** | | **62,233.85** | **Services** |
| 9/23/2022 | TOGUT SEGAL SEGAL LLP | FEDWIRE OUTGOING WIRE TO TOGUT SEGAL SEGAL LLP | 35,414.00 | Services |
| 10/27/2022 | TOGUT SEGAL SEGAL LLP | FEDWIRE OUTGOING WIRE TO TOGUT SEGAL SEGAL LLP | 31,963.00 | Services |
| 12/15/2022 | TOGUT SEGAL SEGAL LLP | FEDWIRE OUTGOING WIRE TO TOGUT SEGAL SEGAL LLP | 90,452.00 | Services |
| | **TOGUT SEGAL SEGAL LLP Total** | | **157,829.00** | **Services** |
| 9/22/2022 | TRAC WORLD | FEDWIRE OUTGOING WIRE TO TRAC WORLD | 13,331.18 | Supplier or vendor |
| | **TRAC WORLD Total** | | **13,331.18** | **Supplier or vendor** |
| 10/27/2022 | UNIQUE SPECIALTY PRODUCT | FEDWIRE OUTGOING WIRE TO UNIQUE SPECIALTY PRODUCT | 4,104.27 | Related Party |
| 11/21/2022 | UNIQUE SPECIALTY PRODUCT | FEDWIRE OUTGOING WIRE TO UNIQUE SPECIALTY PRODUCT | 4,423.60 | Related Party |
| | **UNIQUE SPECIALTY PRODUCT Total** | | **12,951.47** | **Other** |
| 10/13/2022 | UNITED HEALTHCARE | ACH WITHDRAWAL UNITED HEALTHCAR 140028503950 EDI | 18,941.01 | Services |
| 11/14/2022 | UNITED HEALTHCARE | ACH WITHDRAWAL UNITED HEALTHCAR 140028527140 EDI | 3,075.99 | Services |
| 11/18/2022 | UNITED HEALTHCARE | ACH WITHDRAWAL UNITED HEALTHCAR 140028559049 EDI | 13,706.50 | Services |
| 12/5/2022 | UNITED HEALTHCARE | ACH WITHDRAWAL UNITED HEALTHCAR 140028527862 EDI | 3,075.89 | Services |
| | **UNITED HEALTHCARE Total** | | **38,799.39** | **Services** |
| 12/7/2022 | William Penn Life Co | POD INCLEARING CHECKS check 18171 | 6,455.00 | Services |
| 12/7/2022 | William Penn Life Co | POD INCLEARING CHECKS check 18171 | 2,639.97 | Services |
| | **William Penn Life Co Total** | | **9,094.97** | **Services** |
| 9/22/2022 | ZIM SHIPPING FINANCE LTD | FEDWIRE OUTGOING WIRE TO ZIM SHIPPING FINANCE LTD | 11,933.33 | Supplier or vendor |
| 9/29/2022 | ZIM SHIPPING FINANCE LTD | FEDWIRE OUTGOING WIRE TO ZIM SHIPPING FINANCE LTD | 11,946.70 | Supplier or vendor |
| 10/7/2022 | ZIM SHIPPING FINANCE LTD | FEDWIRE OUTGOING WIRE TO ZIM SHIPPING FINANCE LTD | 14,797.00 | Supplier or vendor |
| 10/11/2022 | ZIM SHIPPING FINANCE LTD | FEDWIRE OUTGOING WIRE TO ZIM SHIPPING FINANCE LTD | 28,041.00 | Supplier or vendor |
| 10/12/2022 | ZIM SHIPPING FINANCE LTD | FEDWIRE OUTGOING WIRE TO ZIM SHIPPING FINANCE LTD | 6,019.69 | Supplier or vendor |
| | **ZIM SHIPPING FINANCE LTD Total** | | **72,737.72** | **Supplier or vendor** |
| 9/19/2022 | Webster Bank | Payment sweep against line of credit | 75,050.00 | Secured |
| 9/20/2022 | Webster Bank | Payment sweep against line of credit | 52,700.50 | Secured |
| 9/21/2022 | Webster Bank | Payment sweep against line of credit | 10,000.00 | Secured |
| 9/22/2022 | Webster Bank | Payment sweep against line of credit | 123,000.00 | Secured |
| 9/23/2022 | Webster Bank | Payment sweep against line of credit | 29,753.80 | Secured |
| 9/26/2022 | Webster Bank | Payment sweep against line of credit | 25,000.00 | Secured |

**Disbursements from accounts 6604, 6613 and 6620**
**90 Days**

| Date | Payee | Ref | Amount | Reason |
|------|-------|-----|--------|--------|
| 9/27/2022 | Webster Bank | Payment sweep against line of credit | 1,771.81 | Secured |
| 9/28/2022 | Webster Bank | Payment sweep against line of credit | 158,257.10 | Secured |
| 9/29/2022 | Webster Bank | Payment sweep against line of credit | 83,856.21 | Secured |
| 9/30/2022 | Webster Bank | Payment sweep against line of credit | 60,672.00 | Secured |
| 10/3/2022 | Webster Bank | Payment sweep against line of credit | 4,413.34 | Secured |
| 10/4/2022 | Webster Bank | Payment sweep against line of credit | 172,437.80 | Secured |
| 10/5/2022 | Webster Bank | Payment sweep against line of credit | 1,419.45 | Secured |
| 10/6/2022 | Webster Bank | Payment sweep against line of credit | 40,849.20 | Secured |
| 10/11/2022 | Webster Bank | Payment sweep against line of credit | 30,980.16 | Secured |
| 10/13/2022 | Webster Bank | Payment sweep against line of credit | 417,573.88 | Secured |
| 10/14/2022 | Webster Bank | Payment sweep against line of credit | 361,199.67 | Secured |
| 10/18/2022 | Webster Bank | Payment sweep against line of credit | 296,875.70 | Secured |
| 10/19/2022 | Webster Bank | Payment sweep against line of credit | 2,068.32 | Secured |
| 10/21/2022 | Webster Bank | Payment sweep against line of credit | 380,360.51 | Secured |
| 10/24/2022 | Webster Bank | Payment sweep against line of credit | 242,957.60 | Secured |
| 10/25/2022 | Webster Bank | Payment sweep against line of credit | 153,753.00 | Secured |
| 10/27/2022 | Webster Bank | Payment sweep against line of credit | 444,375.00 | Secured |
| 11/4/2022 | Webster Bank | Payment sweep against line of credit | 24,900.00 | Secured |
| 11/4/2022 | Webster Bank | Payment sweep against line of credit | 61,187.06 | Secured |
| 11/7/2022 | Webster Bank | Payment sweep against line of credit | 25,000.00 | Secured |
| 11/9/2022 | Webster Bank | Payment sweep against line of credit | 212,201.97 | Secured |
| 11/10/2022 | Webster Bank | Payment sweep against line of credit | 4,968.00 | Secured |
| 11/14/2022 | Webster Bank | Payment sweep against line of credit | 157,181.70 | Secured |
| 11/15/2022 | Webster Bank | Payment sweep against line of credit | 569,169.71 | Secured |
| 11/16/2022 | Webster Bank | Payment sweep against line of credit | 67,000.00 | Secured |
| 11/17/2022 | Webster Bank | Payment sweep against line of credit | 2,073.63 | Secured |
| 11/18/2022 | Webster Bank | Payment sweep against line of credit | 745,216.70 | Secured |
| 11/21/2022 | Webster Bank | Payment sweep against line of credit | 33,923.07 | Secured |
| 11/22/2022 | Webster Bank | Payment sweep against line of credit | 134,600.00 | Secured |
| 11/25/2022 | Webster Bank | Payment sweep against line of credit | 153,174.40 | Secured |
| 11/29/2022 | Webster Bank | Payment sweep against line of credit | 9,984.60 | Secured |
| 12/1/2022 | Webster Bank | Payment sweep against line of credit | 98,631.96 | Secured |
| 12/6/2022 | Webster Bank | Payment sweep against line of credit | 133,533.58 | Secured |
| 12/12/2022 | Webster Bank | Payment sweep against line of credit | 200,094.39 | Secured |
| 12/13/2022 | Webster Bank | Payment sweep against line of credit | 77,004.40 | Secured |
| 12/15/2022 | Webster Bank | Payment sweep against line of credit | 680,584.20 | Secured |
| | **Webster Bank Total** | | 6,559,754.42 | |
| | **Grand Total** | | $ 9,472,579.22 | |

**ATTACHMENT SOFA 4.0**
Payments to Insiders One Year Prior
Excluding Amounts Listed in 90 Days

| Date | Description | Debit | Credit | Net amount |
|------|-------------|-------|--------|------------|
| 1/10/2022 | Check:0000005614: Jason Rosenthal | - | 11,500.00 | 11,500.00 |
| 1/24/2022 | Check:0000005879: Jason Rosenthal | - | 2,500.00 | 2,500.00 |
| 2/28/2022 | Check:0000015098: Jason Rosenthal | - | 4,000.00 | 4,000.00 |
| 1/10/2022 | Check:0000100384: Jason Rosenthal | - | 11,500.00 | 11,500.00 |
| 3/2/2022 | Check:0000100876: Jason Rosenthal | - | 10,000.00 | 10,000.00 |
| 3/21/2022 | Check:0006484536: Jason Rosenthal | - | 11,000.00 | 11,000.00 |
| 3/31/2022 | Check:0000018743: Jason Rosenthal | - | 114.32 | 114.32 |
| 4/14/2022 | Check:0000101588: Jason Rosenthal | - | 10,000.00 | 10,000.00 |
| 4/26/2022 | Check:0000101592: Jason Rosenthal | - | 10,000.00 | 10,000.00 |
| 7/15/2022 | Check:0000101765: National Financial FBO Jason | - | 29,000.00 | 29,000.00 |
| 6/16/2022 | Check:0046548445: Jason Rosenthal | - | 12,910.00 | 12,910.00 |
| 7/15/2022 | Check:0000101764: National Financial FBO Beth | - | 5,700.00 | 5,700.00 |
| 8/9/2022 | Check:0000128874: Jason Rosenthal | - | 3,000.00 | 3,000.00 |
|  | Checks to/for Jason Rosenthal |  |  | 121,224.32 |
| 12/28/2021 | Check:0000100352: Oxford Paper | - | 350,100.00 | 350,100.00 |
| 12/29/2021 | Check:0000100356: Oxford Paper | - | 498,459.20 | 498,459.20 |
| 12/30/2021 | Check:0000100361: Oxford Paper | - | 1,000,000.00 | 1,000,000.00 |
| 1/3/2022 | Check:0000100366: Oxford Paper | - | 185,000.00 | 185,000.00 |
| 1/10/2022 | Check:0000100385: Oxford Paper | - | 4,576.50 | 4,576.50 |
| 1/14/2022 | Check:0000100808: Oxford Paper | - | 5,000.00 | 5,000.00 |
| 1/20/2022 | Check:0000100812: Oxford Paper | - | 1,607,026.16 | 1,607,026.16 |
| 1/20/2022 | Check:0000100847: Oxford Paper | - | 1,607,026.17 | 1,607,026.17 |
| 1/24/2022 | Check:0000100416: Oxford Paper | - | 25,000.00 | 25,000.00 |
| 1/24/2022 | Check:0000100813: Oxford Paper | - | 502,346.57 | 502,346.57 |
| 1/24/2022 | Check:0000100846: Oxford Paper | - | 502,346.57 | 502,346.57 |
| 1/28/2022 | Check:0000100423: Oxford Paper | - | 15,000.00 | 15,000.00 |
| 1/31/2022 | Check:0000100812: Oxford Paper | 1,607,026.16 | - | 1,607,026.16 |
| 1/31/2022 | Check:0000100813: Oxford Paper | 502,346.57 | - | 502,346.57 |
| 2/3/2022 | Check:0000100849: Oxford Paper | - | 506,213.79 | 506,213.79 |
| 2/3/2022 | Check:0000100849: Oxford Paper | 506,213.79 | - | 506,213.79 |
| 2/3/2022 | Check:0000100979: Oxford Paper | - | 506,213.79 | 506,213.79 |
| 2/7/2022 | Check:0000100851: Oxford Paper | - | 759,184.59 | 759,184.59 |
| 2/8/2022 | Check:0000100850: Oxford Paper | - | 1,004,392.95 | 1,004,392.95 |
| 2/9/2022 | Check:0000100974: Oxford Paper | - | 502,346.57 | 502,346.57 |
| 2/9/2022 | Check:0000100974: Oxford Paper | 502,346.57 | - | 502,346.57 |
| 2/9/2022 | Check:0000101080: Oxford Paper | - | 502,346.50 | 502,346.50 |
| 2/9/2022 | Check:0000101221: Oxford Paper | - | 502,346.57 | 502,346.57 |
| 2/14/2022 | Check:0000100980: Oxford Paper | - | 501,281.91 | 501,281.91 |
| 2/16/2022 | Check:0000100976: Oxford Paper | - | 1,390,000.20 | 1,390,000.20 |
| 2/17/2022 | Check:0000100977: Oxford Paper | - | 807,325.06 | 807,325.06 |
| 2/18/2022 | Check:0000100832: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 2/18/2022 | Check:0000100832: Oxford Paper | 10,000.00 | - | 10,000.00 |
| 2/18/2022 | Check:0000100848: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 2/23/2022 | Check:0000100973: Oxford Paper | - | 1,000,796.31 | 1,000,796.31 |
| 2/25/2022 | Check:0000101222: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 2/28/2022 | Check:0000101221: Oxford Paper | 502,346.57 | - | 502,346.57 |
| 3/3/2022 | Check:0000100879: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 3/3/2022 | Check:0000101243: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 3/4/2022 | Check:0000100881: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 3/4/2022 | Check:0000101242: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 3/11/2022 | Check:0000100898: Oxford Paper | - | 25,000.00 | 25,000.00 |
| 3/11/2022 | Check:0000101241: Oxford Paper | - | 25,000.00 | 25,000.00 |
| 3/15/2022 | Check:0000100985: Oxford Paper | - | 1,607,028.57 | 1,607,028.57 |
| 3/16/2022 | Check:0000101240: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 3/18/2022 | Check:0000101239: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 3/21/2022 | Check:0000100898: Oxford Paper | 25,000.00 | - | 25,000.00 |
| 3/21/2022 | Check:0000100881: Oxford Paper | 10,000.00 | - | 10,000.00 |
| 3/21/2022 | Check:0000100879: Oxford Paper | 10,000.00 | - | 10,000.00 |
| 3/25/2022 | Check:0000101293: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 4/5/2022 | Check:0000101438: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 4/11/2022 | Check:0000101535: Oxford Paper | - | 1,297,673.74 | 1,297,673.74 |
| 4/13/2022 | Check:0000101478: Oxford Paper | - | 20,000.00 | 20,000.00 |
| 4/14/2022 | Check:0000101474: Oxford Paper | - | 300,000.00 | 300,000.00 |
| 4/19/2022 | Check:0000101496: Oxford Paper | - | 26,821.44 | 26,821.44 |
| 4/19/2022 | Check:0000101573: Oxford Paper | - | 26,821.44 | 26,821.44 |

| Date | Description | | | |
|---|---|---|---|---|
| 4/19/2022 | Check:0000101573: Oxford Paper | 26,821.44 | - | 26,821.44 |
| 4/21/2022 | Check:0000101574: Oxford Paper | - | 344,807.37 | 344,807.37 |
| 4/22/2022 | Check:0000101515: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 4/26/2022 | Check:0000101575: Oxford Paper | - | 1,004,399.36 | 1,004,399.36 |
| 4/29/2022 | Check:0000101529: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 5/3/2022 | Check:0000101576: Oxford Paper | - | 503,794.68 | 503,794.68 |
| 5/6/2022 | Check:0000101545: Oxford Paper | - | 30,000.00 | 30,000.00 |
| 5/9/2022 | Check:0000101556: Oxford Paper | - | 20,000.00 | 20,000.00 |
| 5/10/2022 | Check:0000101577: Oxford Paper | - | 401,600.44 | 401,600.44 |
| 5/16/2022 | Check:0000907888: Oxford Paper | - | 812,050.41 | 812,050.41 |
| 5/25/2022 | Check:0000907889: Oxford Paper | - | 278,330.65 | 278,330.65 |
| 5/27/2022 | Check:0000101611: Oxford Paper | - | 20,000.00 | 20,000.00 |
| 6/3/2022 | Check:0000101627: Oxford Paper | - | 20,000.00 | 20,000.00 |
| 6/3/2022 | Check:0000101743: Oxford Paper | - | 505,003.43 | 505,003.43 |
| 6/9/2022 | Check:0000101671: Oxford Paper | - | 10,000.00 | 10,000.00 |
| 6/10/2022 | Check:0000101677: Oxford Paper | - | 425,002.26 | 425,002.26 |
| 6/14/2022 | Check:0000101664: Oxford Paper | - | 25,000.00 | 25,000.00 |
| 6/16/2022 | Check:0000101669: Oxford 1 | - | 10,000.00 | 10,000.00 |
| 6/16/2022 | Check:0000101688: Oxford Paper | - | 612,771.54 | 612,771.54 |
| 6/17/2022 | Check:0000101697: Oxford Paper | - | 25,000.00 | 25,000.00 |
| 6/21/2022 | Check:0000101742: Oxford Paper | - | 331,100.04 | 331,100.04 |
| 6/22/2022 | Check:0000101741: Oxford Paper | - | 500,032.33 | 500,032.33 |
| 6/22/2022 | Check:0000101741: Oxford Paper | 500,032.33 | - | 500,032.33 |
| 6/22/2022 | Check:0000101800: Oxford Paper | - | 505,032.33 | 505,032.33 |
| 7/21/2022 | Check:0000101775: Oxford Paper | - | 262,000.00 | 262,000.00 |
| 7/27/2022 | Check:0000101827: Oxford Paper | - | 92,345.84 | 92,345.84 |
| 7/27/2022 | Check:0000101826: Oxford 1 | - | 127,654.16 | 127,654.16 |
| 8/29/2022 | Check:0000128878: Oxford 1 | - | 50,000.00 | 50,000.00 |
| 8/31/2022 | Check:0004684897: Oxford Paper | - | 150,000.00 | 150,000.00 |
| 8/31/2022 | Check:0065464787: Oxford Paper | - | 199,681.24 | 199,681.24 |
| 9/1/2022 | Check:0000101863: Oxford 1 | - | 15,430.02 | 15,430.02 |
| 9/30/2022 | Check:0000648977: Oxford Paper | - | 25,000.00 | 25,000.00 |
| | | | | 29,250,844.13 |
| | | | | |
| | | | | |
| 7/15/2022 | Check:0000101764: National Financial FBO Beth | - | 5,700.00 | 5,700.00 |
| 1/31/2022 | Check:0005615868: Unique Specialy Products | - | 2,132.66 | 2,132.66 |
| 3/8/2022 | Check:0000100891: Unique Specialy Products | - | 2,132.66 | 2,132.66 |
| 3/24/2022 | Check:0000101424: Unique Specialy Products | - | 2,132.66 | 2,132.66 |
| 4/19/2022 | Check:0000101500: Unique Specialy Products | - | 2,132.66 | 2,132.66 |
| 5/27/2022 | Check:0000101610: Unique Specialy Products | - | 2,132.60 | 2,132.60 |
| 6/27/2022 | Check:0000101731: Unique Specialy Products | - | 2,132.60 | 2,132.60 |
| 7/29/2022 | Check:0000101822: Unique Specialy Products | - | 2,132.60 | 2,132.60 |
| 8/17/2022 | Check:0000128856: Unique Specialy Products | - | 1,971.67 | 1,971.67 |
| 9/1/2022 | Check:0000101894: Unique Specialy Products | - | 4,104.27 | 4,104.27 |
| 9/29/2022 | Check:0000101895: Unique Specialy Products | - | 4,104.27 | 4,104.27 |
| 10/27/2022 | Check:0000122005: Unique Specialy Products | - | 4,423.60 | 4,423.60 |
| | | | | 35,232.25 |
| | | | | |
| 12/29/2021 | Check:0064651897: Barnett Italia Srl | | 32,820.79 | 32,820.79 |
| 6/30/2022 | Check:0065146534: Barnett Italia Srl | | 72,849.68 | 72,849.68 |
| 6/30/2022 | Check:0065135648: Barnett Italia Srl | | 86,050.06 | 86,050.06 |
| 9/16/2022 | Check:0000101992: Barnett Italia Srl | | 100,317.77 | 100,317.77 |
| 9/23/2022 | Check:0000101993: Barnett Italia Srl | | 65,006.50 | 65,006.50 |
| 10/7/2022 | Check:0000101963: Barnett Italia Srl | | 30,423.00 | 30,423.00 |
| 10/14/2022 | Check:0000101972: Barnett Italia Srl | | 99,780.00 | 99,780.00 |
| 10/21/2022 | Check:0000101994: Barnett Italia Srl | | 75,000.00 | 75,000.00 |
| 12/31/2021 | barnett pymt for BF raistone interest 1221 | | 19,349.43 | 19,349.43 |
| 10/31/2022 | Check:0000000002: Barnett Italia Srl | | 581,597.23 | 581,597.23 |
| | | | | |
| | | | | |
| 5/31/2022 | Intercompany Payment to Barnett Forest | 12,307.47 | - | (12,307.47) |
| 1/31/2022 | Intercompany Payment to Barnett Forest | - | 513,656.69 | 513,656.69 |
| 1/31/2022 | Intercompany Payment to Barnett Forest | 198.00 | - | (198.00) |
| 3/31/2022 | Intercompany Payment to Barnett Forest | - | 337,307.26 | 337,307.26 |
| 4/30/2022 | Intercompany Payment to Barnett Forest | - | 264,831.16 | 264,831.16 |
| 5/31/2022 | Intercompany Payment to Barnett Forest | - | 136,550.49 | 136,550.49 |
| 6/30/2022 | Intercompany Payment to Barnett Forest | - | 113,882.48 | 113,882.48 |
| 7/31/2022 | Intercompany Payment to Barnett Forest | - | 9,064.42 | 9,064.42 |
| 8/31/2022 | Intercompany Payment to Barnett Forest | - | 12,627.29 | 12,627.29 |
| 9/30/2022 | Intercompany Payment to Barnett Forest | - | 2,867.15 | 2,867.15 |

| 198.00 | 1,390,786.94 | 1,390,588.94 |

Debtor  __Barnett Corporation_____  Case number (if known)_____
              Name

**5. Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor,
   sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $_____ |
| | Creditor's name | | | |
| | Street | | | |
| | City          State      ZIP Code | | | |
| 5.2. | | | | $_____ |
| | Creditor's name | | | |
| | Street | | | |
| | City          State      ZIP Code | | | |

**6. Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of
   the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☐ None

| | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|---|
| | Surpapel Corp SA ($54,497,435) | see global notes | TBD | $ |
| | Creditor's name | | | |
| | Procarsa Productora Cartonera, SA ($7,132,589) | | | |
| | Street | | | |
| | | Last 4 digits of account number: XXXX–__ __ __ __ | | |
| | City          State      ZIP Code | | | |

**Part 3:  Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor
   was involved in any capacity—within 1 year before filing this case.

   ☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Hoover Treated Wood Products | Breach of Contract | Sup Ct of NY, County of Nassau | ☑ Pending |
| | | | Name | ☐ On appeal |
| | | | Street | ☐ Concluded |
| | Case number | | | |
| | 614001/2022 | | City          State      ZIP Code | |
| 7.2. | Case title | | Court or agency's name and address | ☑ Pending |
| | 84 Lumber | Breach of Contract | Ct of Common Pleas, Allegheny Co, PA | ☐ On appeal |
| | | Unjust Enrichment | Name | ☐ Concluded |
| | Case number | | Street | |
| | GD-22-013459 | | | |
| | | | City          State      ZIP Code | |

Debtor    __Barnett Corporation_____    Case number (if known)_____
             Name

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $_____ |
| Custodian's name | Case title | Court name and address |
| Street | | Name |
| | Case number | Street |
| City          State    ZIP Code | | |
| | Date of order or assignment | City          State    ZIP Code |

**Part 4:    Certain Gifts and Charitable Contributions**

**9.** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| | | TBD | TBD |
| 9.1. Recipient's name | TBD | | $_____ |
| Street   TBD | | | |
| City          State    ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| | | | |
| 9.2. Recipient's name | | | $_____ |
| Street | | | |
| City          State    ZIP Code | | | |
| Recipient's relationship to debtor | | | |

**Part 5:    Certain Losses**

**10.** All losses from fire, theft, or other casualty within 1 year before filing this case.

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | | |
| | | | $_____ |

Debtor      Barnett Corporation                                    Case number (if known)_____
            Name

| Part 6: | Certain Payments or Transfers |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Togut, Segal & Segal | | June 29, 2022-December 15, 2022 | $ 281,072 |
| | **Address** | | | |
| | One Penn Plaza, Suite 3335 | | | |
| | Street | | | |
| | New York, NY 10019 | | | |
| | City          State          ZIP Code | | | |
| | Email or website address | | | |
| | | | | |
| | Who made the payment, if not debtor? | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | EisnerAmper Advisory Group LLC | | August 9, 2022-December 15, 2022 | 685,165 $ |
| | **Address** | | | |
| | Street 1 South Wood Avenue | | | |
| | Iselin, NJ 08830 | | | |
| | City          State          ZIP Code | | | |
| | Email or website address | | | |
| | | | | |
| | Who made the payment, if not debtor? | | | |

see next page for additional payments related to bankruptcy

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| Safeguard Storage | | | |
| | ___paper_records_____ | _____various____ | $____TBD___ |
| Trustee | | | |

Debtor    Barnett Corporation
_____
Name

Case number *(if known)*_____

---

**Part 6:**   **Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1. Cohn Reznick | | December 14, 2021 October 27, 2022 | $ 1,862,187 |
| **Address** | | | |
| 1301 6th Avenue Street | | | |
| New York, NY 10019 City   State   ZIP Code | | | |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2. | | | $ |
| **Address** | | | |
| Street | | | |
| City   State   ZIP Code | | | |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☐ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |
| **Trustee** | | | |

Debtor **Barnett Corporation**
_____
Name

Case number (if known)_____

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State          ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

| | Who received transfer? | | | |
|---|---|---|---|---|
| | _____ | _____ | _____ | $_____ |
| 13.2. | _____ | _____ | | |
| | **Address** | | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State          ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| | Address | | Dates of occupancy | |
|---|---|---|---|---|
| 14.1. | _____ | | From _____ | To _____ |
| | Street | | | |
| | _____ | | | |
| | City          State          ZIP Code | | | |
| 14.2. | _____ | | From _____ | To _____ |
| | Street | | | |
| | _____ | | | |
| | City          State          ZIP Code | | | |

---

Debtor     Barnett Corporation
           _____     Case number (if known)_____
           Name

| Part 8: | Health Care Bankruptcies |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| **15.1.** Facility name _____ | _____ | |
| Street _____ | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | _____ | *Check all that apply:* |
| City          State          ZIP Code | _____ | ☐ Electronically<br>☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| **15.2.** Facility name _____ | _____ | |
| Street _____ | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | _____ | *Check all that apply:* |
| City          State          ZIP Code | _____ | ☐ Electronically<br>☐ Paper |

| Part 9: | Personally Identifiable Information |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?** April 2022

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☑ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: __ __ – __ __ __ __ __ __ __ |

Has the plan been terminated?

☑ No

☐ Yes

Iselin, NJ 08830

| Debtor | Barnett Corporation | Case number *(if known)* |
|--------|---------------------|--------------------------|
|        | Name                |                          |

---

**Part 10:** **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Leumi<br>Name<br>Street<br>City    State    ZIP Code | xxxx– 0 8 00 9408 | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☑ Other  EURO | 6/30/22 | $ |
| 18.2. | Wells Fargo<br>Name<br>Street<br>City    State    ZIP Code | xxxx– 5754 | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☑ Other  EURO | 12/1/2022 | $ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City    State    ZIP Code | Address | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name Safeguard Storage<br>Street 1176 Broadway<br>Hewlett, NY 11557<br>City    State    ZIP Code | Address | Paper records | ☐ No<br>☑ Yes |

Debtor    **Barnett Corporation**
_____    Case number (if known)_____
Name

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |

| Part 12: | Details About Environmental Information |

For the purpose of Part 12, the following definitions apply:

■ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | | | |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| | | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

Debtor    __Barnett Corporation_____    Case number (if known)_____
                    Name

---

**24.** Has the debtor notified any governmental unit of any release of hazardous material?

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | _____ | _____ |
| Street | Street | _____ | |
| City     State     ZIP Code | City     State     ZIP Code | | |

---

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

**25.** Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | __Canada Forest Export Corp__<br>Name<br>__5259 Rue Ferrier Bureau 602__<br>Street<br><br>__Montreal H4P1L4 CANADA__<br>City     State     ZIP Code | Canadian "C" Corporation 100% Owned<br>By Barnett Corporation | EIN: __ __ − __ __ __ __ __ __ __<br><br>Dates business existed<br><br>From _____ To _____ |
| 25.2. | __Barnett Forest LLC__<br>Name<br>__77 Spruce Street__<br>Street<br><br>__Cedarhurst, NY 11516__<br>City     State     ZIP Code | Limited Liability Company owned<br>by Barnett Corporation | EIN: __ __ − __ __ __ __ __ __ __<br><br>Dates business existed<br><br>From _____ To _____ |
| 25.3. | __Global Paper Supply__<br>Name<br>__Room 1103 Building C__<br>Street<br>__Xingheshiji Plaza__<br>__Futian, Shenzhen, China__<br>City     State     ZIP Code | Hong Kong Corporation owned by<br>Barnett Corporation | EIN: __ __ − __ __ __ __ __ __ __<br><br>Dates business existed<br><br>From _____ To _____ |

---

Debtor    Barnett Corporation
          _____    Case number (if known) _____
          Name

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. Sultanik & Krumholz, LLC | From _____ To _____ |
| Name | |
| 241 Cedar Lane | |
| Street | |
| Teaneck, NJ 07666 | |
| City                    State        ZIP Code | |

| Name and address | Dates of service |
|---|---|
| 26a.2. | From _____ To _____ |
| Name | |
| Street | |
| City                    State        ZIP Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. see above | From _____ To _____ |
| Name | |
| Street | |
| City                    State        ZIP Code | |

| Name and address | Dates of service |
|---|---|
| 26b.2. | From _____ To _____ |
| Name | |
| Street | |
| City                    State        ZIP Code | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. EisnerAmper Advisory Group LLC | |
| Name | |
| Street | |
| 111South Wood Avenue | |
| City                    State        ZIP Code | |
| Iselin, NJ 08830 | |

Debtor _____Barnett Corporation_____    Case number (if known)_____
              Name

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.2. | Name | _____ |
| | Street | _____ |
| | | |
| | City            State        ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

Name and address

26d.1. Name    **Webster Business Credit Corporation, As Agent**

Street    **360 Lexington Avenue**

City    **New York, NY 10017**    State        ZIP Code

Name and address

26d.2. Name _____

Street _____

City            State        ZIP Code

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | April 2022 | $_____ |
| Name and address of the person who has possession of inventory records | | |
| 27.1. Name | | |
| Street | | |
| City            State        ZIP Code | | |

Debtor    **Barnett Corporation**
_____
Name

Case number (if known)_____

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

Name and address of the person who has possession of inventory records

27.2.

Name _____

Street _____

_____

City _____ State _____ ZIP Code _____

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Jason Rosenthal | 1725 York Avenue    New York, NY 10128 | CEO | 100% |
| Ellen Tam | 20 Cliff Street Staten Island NY 10305 | CFO | 0% |
| | | | |
| | | | |
| | | | |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☑ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. | | | |
| Name _____ | _____ | _____ | _____ |
| Street _____ | | _____ | |
| City _____ State ____ ZIP Code ____ | | _____ | |
| Relationship to debtor _____ | | _____ | |

Debtor    Barnett Corporation
          _____          Case number (if known)_____
          Name

| Name and address of recipient | | | |
|---|---|---|---|
| 30.2 | | | |
| Name | | | |
| Street | | | |
| City | State | ZIP Code | |
| Relationship to debtor | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer identification number of the parent corporation |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☐ No

☑ Yes. Identify below.

| Name of the pension fund | Employer identification number of the pension fund |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/22/2022
               ‾‾‾‾‾‾‾‾‾‾‾‾
               MM / DD / YYYY

✖ /s/ Anthony Calascibetta                          Anthony Calascibetta
  _____      Printed name _____
  Signature of individual signing on behalf of the debtor

  Position or relationship to debtor    CRO
                                        _____

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☐ No

☐ Yes

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                      :

In re:                            :       Chapter 7
                                        :

BARNETT CORPORATION,       :       Case No.  22-    [   ]
                                        :

                      Debtor.     :
                                        :
------------------------------------------------------------ x

## PRE-PETITION STATEMENT PURSUANT
## TO LOCAL BANKRUPTCY RULE 2017-1

      I, Frank A. Oswald, Esq., an attorney admitted to practice in the Court

states:

1.      That I am a Partner in Togut, Segal & Segal LLP (the "Togut Firm"),
counsel for the above-captioned debtor.

2.      That prior to the filing of the petition herein, the Togut Firm rendered the
following services to the above-named debtor:

| Date/Time | Services |
|---|---|
| June 2021 – December 2022 | Counsel regarding restructuring options, negotiations with secured and unsecured creditors and subsequently assist with the preparation of Chapter 7 petition, schedules and related documents. |

3.      That the Togut Firm will also represent the above-named debtor at the
first meeting of creditors.

4.      That all services rendered prior to the filing of the petition herein were

*[Remainder of page intentionally left blank]*

rendered by the Togut Firm for the Debtor and its affiliates and its custodial hourly rates.

Dated:  December 22, 2022
New York, New York

TOGUT, SEGAL & SEGAL LLP
By:

/s/ Frank A. Oswald
FRANK A. OSWALD
*Counsel for the Debtor*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------ :

In re:                                     :    Chapter 7

BARNETT CORPORATION,                       :    Case No. 22- [        ] [  ]

                                           :

                            Debtor.        :

------------------------------------------ :

## CORPORATE DISCLOSURE STATEMENT PURSUANT
## TO LOCAL BANKRUPTCY RULE 1073-3

Barnett Corporation, the Debtor herein, submits its Local Rule 1073-3 disclosure

statement as follows:

Barnett Corporation is a New York "C" Corporation of which Jason Rosenthal is

the sole director and shareholder.

Executed on this 22nd day of December 2022.

*/s/ Jason Rosenthal*

Jason Rosenthal,
President

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                         :

In re:                          :        Chapter 7

                                           :

                                         :        Case No.  22- [          ]

BARNETT CORPORATION,       :

                                         :

                                         :

                  Debtor.        :

                                         :
-------------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of
Bankruptcy Procedure, Barnett Corporation, certifies that no corporation, either directly
or indirectly own(s) 10% or more of any class of the corporation's equity interest, or states
that there are no entities to report under Rule 7007.1

**DECLARATION UNDER PENALTY OF PERJURY:**

I, Jason Rosenthal, the undersigned authorized person on behalf of the
Debtor, declare under penalty of perjury that I have read the foregoing Corporate
Ownership Statement and that the statement is true and correct to the best of my
information and belief.

Dated: December 22, 2022        */s/ Jason Rosenthal*_____
                                    By: Jason Rosenthal
                                    Title: President

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                    :
In re:                                              :        Chapter 7
                                                    :
BARNETT CORPORATION,                                :        Case No. 22-[_____] [___]
                                                    :
                            Debtor.                 :
                                                    :
                                                    :
------------------------------------------------------------------ x

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.      Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), I certify that
my firm, Togut, Segal & Segal LLP (the "Togut Firm"), is counsel for the above-
captioned debtor.

2.      The Togut Firm was initially retained by Barnett Corporation ("Barnett"
or the "Debtor"[1]) as restructuring counsel in May 2021.  The Togut Firm's fees and
expenses billed and paid through December 21, 2022 were $281,072.  As of
December 22, 2022, the Togut Firm maintained a retainer of approximately $31,750 to be
applied to fees and expenses incurred from that date forward in connection with its
representation of the Debtor, including but not limited to assisting the Debtor to
prepare its Petition, Schedules and Statement of Financial Affairs, attending the meeting
of creditors pursuant to section 341 of the Bankruptcy Code and assisting the Debtor in
fulfilling its obligations to cooperate with the Chapter 7 Trustee.

3.      The Togut Firm has not agreed to share the above-disclosed compensation
with any other firm or person.

---

[1]     The Debtor has commenced a Chapter 7 case and, if applicable, the last four digits of its U.S. taxpayer
        identification number is: 3804.

## <u>CERTIFICATION</u>

I certify that the foregoing is a complete statement of any agreement or

arrangement for payment to the Togut Firm for representation of the Debtor.

Dated:  December 22, 2022
      New York, New York

                         TOGUT, SEGAL & SEGAL LLP
                         By:

                         */s/ Frank A. Oswald*
                         FRANK A. OSWALD
                         *Counsel for the Debtor*
                         One Penn Plaza, Suite 3335
                         New York, New York 10119
                         (212) 594-5000

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

----------------------------------------------------x

In Re:

Case No. 22-

Chapter 7

**BARNETT CORPORATION,**

**Debtor(s)**

----------------------------------------------------x

## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS

The undersigned signatory for the debtor(s) or attorney for the debtor(s) hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his or her knowledge.

Dated: December 22, 2022

/s/ Anthony Calascibetta

Chief Restructuring Officer

Webster Business Credit Corporation, as agent
360 Lexington Avenue
New York, NY 10017


EisnerAmper Advisory Group LLC
111 South Wood Avenue
Iselin, NJ 08830


Togut, Segal & Segal
One Penn Plaza, Suite 3335
New York, NY 10019


Packaging Corporation of America
36596 Treasury Cntr
Chicago,IL 60694-6500


Raistone Gary Scharmett, Stradley Ronon
Stevens & Young LLP
100 Park Avenue, Ste 2000,
NY, NY 10017


PROCARSA (PCA)
KM 6.5  VIA DURAN - TAMBO
GUAYAQUIL,Ecuador


REPAPERS (PCA)
3671 N. W. 81 Street
Miami,FL, 33147


Surpapelcorp
KM 6.5  VIA DURAN - TAMBO
GUAYAQUIL,Ecuador


FPC TISSUE SPA  really (STENN)
Km 17.5
Coronel , Chile

Mediterranean Shipping
420 FIFTH AVENUE
NEW YORK,NY 10018

FRUIT PACK CORPORATION
15 WESTWOOD DR
HUNTINGTON, NY 11743

Oxford 1
5250 Ferrier Street
Montreal, H4P 1L4

Fester & Co (offset by HDI Marine)
Trostbrücke 420457 Hamburg

FORTEX INTERNATIONAL AB
BOX 135 , SE-429
23 KULLAVIKSWEDEN

Charta Global
100 S Anaheim Blvd
Anaheim,CA 92805

Ports America
Nashville Avenue Terminal
New Orleans,LA 70115

Presidio Paper
1047 Evelyn  Ave
Albany,CA 94706

Worldwide Terminals Fernandina, LLC
2345 Friendly Road
Fernandina Beach,FL 32034

Distribution Services International, Inc
1 Birkenhead RoadPort
Wentworth, GA 31407

SEALAND
2801 SW 149th Ave
Miramar Florida 33027


Barnett Italia Srl
Via Campo La Guzza 7A int 4
ITALY


Riemer & Braunstein
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114-2527


Oxford Paper
5250 Ferrier Street
Montreal, H4P 1L4


Resolute Tissue
5020 Hwy 11 South
Calhoun, TN 37309


Von Drehle Corporation
612 Third Avenue
NE Hickory,NC 28601


ECL WAREHOUSE
PO Box 30550
Savannah, GA 31410


Mediterranean Shipping -Canada
7 Saint - Jacques  West
Montreal, CA-H2Y1K9


NEW YORK STATE INSURANCE FUND
8 Corporate Center Drive
Mellville NY 11747

New March
2914 Mckinley Street
Madison, Wisconsin 53705


CIETRADE SYSTEMS INC
15 North Water Street
Norwalk, CT 06854


Sultanik & Krumholz, LLC
241 Cedar Lane
Teaneck,NJ 07666


Merchants Transfer Co. (MTC)
1201 Paper Mill Road
Mobile,AL 36610


NEW ORLEANS TERMINAL LLC (NOT)
50 Napoleon Avenue ,
70115


ZIM Shipping Finance Limited d
Trac World 6565 boul
Hebert , J5C 1B5


Next Logistic Group
9900 W Sample Road Ste 401
Coral Springs,FL 33065


Catalyst Paper Corporation
3600 Lysander Lane Richmond,
BC, V7B 1C3


Plastic Express
400 Seabrook Parkway
Pooler,GA 31322

Jason and Beth Rosenthal
1725 York Avenue #19B,
New York, NY 10128

Rona Blate
373 Willow Street
South Hempstead, NY 11550

Karla Burac
146 Beach 61st Street
Arverne NY 11692

Raymond Coppola
PO Box 2401
Sag Harbor NY 11963

Katherine Escobar
546 E Fulton St
Long Beach, NY 11561

Claudia Losada
2079 Stratford Drive
Westbury NY 11590

Gerardo Moreno
67 Sycamore Avenue
Floral Park, NY 11001

Natalie Tam
145 Lincoln Avenue 2R,
Staten Island NY 10306

Oi Ling E Tan
20 Cliff Street
Staten Island NY 10305

Robert Slesarchik
12 Foggy Bluff Road
Bluffton, SC 29910


Hoover Treated Wood Products
c/o Joseph M. Defazio, Esq.
Troutman Pepper Hamilton Sanders, LLP
875 Third Avenue
New York, NY 10022


84 Lumber Company, L.P.
c/o William E. Bick, Esq.
Gordon Rees Scully Mansukhani, LLP
707 Grant Street, Suite 3800
Pittsburgh, PA 15219